Parker, C. J.,
delivered the opinion of the Court. (a)
The declaration being on a promissory note payable to the bank, and endorsed by them, the signature of the promisor is confessed, and there is no dispute as to the consideration, nor any pretence of payment; but the plaintiffs’ title is called in question, and to this defence the promisor is by law entitled. There is no suggestion of fraud, accident, or mistake, in the assignment; but the question is, whether what was intended to be done by the parties, with a fair view and for a valuable consideration, has been done with such legal formalities as to give it effect according to such intention.
In common cases of actions by the endorsee of a promissory note, the possession of the note, with the name of the promisee upon it as endorser, the hand-writing being proved, is prima facie evidence of a legal transfer; and the burden is thrown upon the defendant, to show circumstances which will defeat the action.
* This would have been the course in the present [ * 292 j case, had it not been necessary (as the promisee was a corporation, who, in such a transaction, can act- only by attorney) to prove the authority of the person who endorsed the note.
The note, then, appears to have been endorsed by Simon Lamed,calling himself attorney; and the endorsement has been filled up in court in such manner as to support the declaration, if Lamed was the attorney of the corporation for this purpose, and has executed his power in a legal manner.
It is objected, however, that, admitting Lamed to have been regularly constituted the attorney of the corporation, for the purpose of endorsing this note, yet the manner in which he has executed the power defeats his purpose ; as he has not declared that he acted for and in behalf of the corporation, which, it is said, is the only legal way in which an attorney can bind his principal or transfer his property.
There are authorities which tend to support this objection; but they seem to be chiefly applicable to deeds or instruments undei seal, and to questions of the liability of the principal, or of the at* *268 torney, because he had not bound his principal. We are not satisfied that the same strictness is required in regard to personal, simple contracts, and especially those of a commercial nature; it being certain that even a letter of attorney, under seal, is not necessary to enable one person to bind another in very important contracts in transactions of that nature, (a)
But our opinion upon this point is not required, as we are all satisfied that, if the authority of Lamed was good to endorse as attorney, he having endorsed in blank, the plaintiffs may erase the words written over his name, and substitute other words, which will give effect to the endorsement; and this they may do without any amendment of the declaration, because the words to be supplied will comport with the declaration as it now stands. (3) [ * 293 ] *This difficulty being overcome, the great question is, whether Lamed was, at the time he endorsed this note, the attorney of the promisees for the purpose of endorsing it, so that his act of transfer would bind the corporation, and pass the property of the note from them to the plaintiffs.
Upon this point it is contended, first, that the directors, as such, had no authority to appoint an attorney for that purpose, having themselves no authority to pass away by transfer any of the property or evidences of debt belonging to the corporation.
But we are satisfied that such power is necessary to the convenient management of the business of the bank ; and that, under the authority given by the act of incorporation, and by the by-laws of the corporation, presuming them to have acted as other banking companies, it was within the lawful authority of the president and directors to negotiate the securities which were under their direction. It will not be denied that, if the president, pursuant to a vote of the directors, should, for a valuable consideration, hand over to a third person a note, which had been discounted at the bank, having the blank endorsement of the promisee upon it, the holder would have a right of action against the promisor or endorser. This power puts the whole property of the bank under the control of the directors ; and, without doubt, the power may be abused. But the stockholders should provide against this evil in their choice of directors. Having this power, there is no reason why it should not be exercised by one of the body, with the con *269 sent of the rest, expressed by their vote. We are satisfied, therefore, that the directors might, by their vote or power of attorney, authorize the • president, or any other officer of the bank, to assign over the promissory notes payable to the company.
It is, however, further objected, that the persons assuming to act as directors were not legally in that character, there having been no legal choice of them ; so that, at the time they executed the power of attorney, they were mere private corporators.
* The letter of attorney was executed August 18, [ * 294 ] 1809. The endorsement of the note was made October 4, 1809. It is said the directors were not legally chosen, because the annual meeting of the stockholders was not that year notified by advertisements in the newspaper.
The true construction of the statute in this particular, we think, is; that notifications should be so published, when a meeting is called by the directors, and not when the annual meetings are appointed by the stockholders themselves.
But if this were not so, we are satisfied that, as the meeting in 1808 was regular, as the same persons were chosen directors, and as the letter of attorney was made long before their term of office expired, the execution of the power afterwards was legal, because the constituent, to wit, the corporation, continued in existence, even if there had been a defect, which vacated the choice of officers.
A new trial is not granted, and judgment must be rendered according to the verdict, (a)

 Dewey, J., having been of counsel, did not sit in thin cause.

 Sed vide Mayhew & Al. vs. Prince, ante, 54. — Long vs. Colburn, ante, 97. — Alfridson vs. Ladd, 12 Mass. Rep. 173. — Stackpole vs. Arnold, ante, 27. — Forster vs. Fuller, 6 Mass. Rep. 58. — Thatcher vs. Dinsmore, 5 Mass. Rep. 299.—Fowler vs. Shearer, 7 Mass. Rep. 14.— Copeland vs. Merchants' Ins. Co. 6 Pick. 198.—Elwell vs. Shaw, 16 Mass. Rep. 42.

 3 Mass. Rep. 274, Josselyn vs. Ames.

 Vide Spear vs. Ladd, ante, 94, and note.