### Thomas R. M'Gee *vs.* Asa A. Prouty & another.

When a promissory note, that has been negotiated, comes into the possession of one of the parties liable to pay it, such possession is *primâ facie* evidence of payment by him, and he is to be treated as the *bonâ fide* holder, unless the contrary is made to appear. A., B., C. and D. signed a promissory note, and the word "surety" was added to the names of C. and D. only : D. paid the note, and sued A. and B. jointly, to recover the amount paid by him. *Held,* that B. might prove, by parol evidence, that he signed the note as surety for A.; and that, upon such proof, D. could not maintain such joint action, although D., when he signed the note, did not know that B. was surety for A.

THIS was an action of assumpsit, on the money counts, against Asa A. Prouty and William Bell. The plaintiff, at the trial in the court of common pleas, before *Cushing* J. offered in evidence the following promissory note : "April 25th 1843. Sixty days from date, for value received, we jointly and severally promise the president, directors, and company of the Greenfield Bank, to pay them, or order, fifty dollars at their banking house

> Asa A. Prouty.
> William Bell.
> Eph'm H. Thompson, surety.
> Thomas R. M'Gee, surety."

Ephraim H. Thompson was called as a witness, by the plaintiff, and testified that he knew the signatures of Prouty and Bell ; that he first offered the note at the bank, with the names of Prouty and Bell only ; that the bank declined taking the note without further security ; that he offered the note a second time, after the other two had signed it ; that he and M'Gee signed it at the bank ; that after the note was discounted, Bell knew of it ; that he (the witness) saw Prouty before the note was offered the second time, and Prouty told him to sign the note himself, and get M'Gee to sign it ; that he saw Bell afterwards, at Colerain, and told him that he (the witness) did not get the money on the note with Bell's and Prouty's names alone, and that he and M'Gee had signed it ; and that Bell said, "it is all right."

On cross-examination, this witness said, it was a week or more after the money was got, that he saw Bell and told him as before stated ; that he got M'Gee to sign the note, at the

request of Prouty alone; that M'Gee had the money, and that the witness paid it to him on being called upon by him to pay a debt which the witness owed him ; that Prouty owed the witness a debt of about $100, and that this note was taken in part payment of that debt ; that he told M'Gee that Prouty so owed him, and that he would get the money of Prouty, or a bank note ; that it was very likely he told M'Gee what the consideration of the note was; that when the witness called on Prouty, Prouty said he had not the money, but he would get a bank note, and get Bell to sign it; and that, about the time the note became due and payable, the witness saw Bell, and he said he was willing to pay his share, a third or a fourth of it.   So much of this testimony as tended to show that Bell was a surety, was admitted by the court, under objections from the plaintiff.

The plaintiff contended, *first*, that the possession of the note by the plaintiff was *primâ facie* evidence that he had paid it and taken it up, and conclusive unless rebutted; and *secondly*, that the terms and effect of a written contract cannot be varied, altered or controlled by parol testimony, and that it, therefore, could not be shown, by such testimony, that Bell was a surety only.

The jury were instructed, " that the first question for them to decide was, whether the plaintiff had paid the money due on the note ; and that, although no direct evidence of payment had been given, yet the possession of the note was a circumstance from which it was competent for the jury to infer that the note was paid by him : That if the jury should be satisfied that the plaintiff paid the amount of the note, the next question was, whether this payment was made for and on account of the defendants, Prouty and Bell ; that if they were the principal promisors, and M'Gee and Thompson merely sureties, then the payment was made for their benefit, and the plaintiff would be entitled to recover ; but if Prouty was the principal, and Bell only a surety, then, although they might be liable separately — the one, as principal, for the whole, and the other, as surety, for contribution of his share — yet they

would not be liable jointly, as they were sued in this action : That the body of the note contained no evidence of the relation of these parties to one another, nothing showing which of them were to be regarded as principals, and which of them as sureties ; and that the only evidence appearing on the note, as to this matter, was the word ' surety ' written against the names M'Gee and Thompson : That it was competent for the defendants to show, by parol testimony, notwithstanding the signatures of M'Gee and Thompson alone had the word ' surety ' written against them, that Bell was also a surety ; and that, if the jury should be satisfied that Bell was a mere surety, then he would not be liable jointly with Prouty, unless it should also appear to the jury that M'Gee became party to the note at the request of Bell."

The plaintiff then moved the court to instruct the jury, that though it might appear that Bell was a surety as respected Prouty, yet, unless knowledge of that fact should be brought home to M'Gee, Bell would still be liable as principal, as to him ; and that, though Bell might have been merely a surety of Prouty, as between him and Bell, yet if he intended to be liable as principal, so far as Thompson and M'Gee were concerned, he would still be liable in this action. But the court declined so to instruct the jury.

A verdict was returned for the defendants, and the plaintiff alleged exceptions.

*Alvord,* for the plaintiff. The plaintiff's possession of the note was *primâ facie* evidence, and conclusive until rebutted, that he paid it ; and the jury should have been so instructed. *Northampton Bank* v. *Pepoon,* 11 Mass. 288. *Baring* v *Clark,* 19 Pick. 220. *Dugan* v. *United States,* 3 Wheat 172. *Green* v. *Jackson,* 3 Shepley, 136. Greenl. on Ev. § 33. Story on Notes, §§ 247, 452.

There is a difference between cases in which no one is designated as surety on a note, and where part of the signers are so designated. In the latter case, parol evidence is not admissible to show that any are sureties besides those who are so designated. When one signs, without describing himself

as surety, he is to be held as principal by all parties who have no notice that he is surety. *Non constat* that the present plaintiff had notice that Bell was surety. See *Grafton Bank* v. *Kent*, 4 N. Hamp. 224. *Harris* v. *Brooks*, 21 Pick. 195.

The last instruction requested by the plaintiff should have been given to the jury. *Warner* v. *Hall*, 5 Verm. 156.

*Aiken*, for the defendants. The first instruction given by the judge was sufficiently favorable to the plaintiff. The production of the note by the plaintiff could not be regarded as *primâ facie* evidence, conclusive till rebutted, that he had paid the note, because he might have called the cashier of the bank to prove that fact.

. The case of *Warner* v. *Rice*, 3 Wend. 397, shows that there is no distinction, as to the admission of parol proof that a promisor is surety, between cases where a part of the signers are designated as sureties, and cases where there is no such designation. See *Taylor* v. *Savage*, 12 Mass. 102. *Harris* v. *Brooks*, 21 Pick. 195. *Grafton Bank* v. *Kent*, 4 N. Hamp. 221.

There never was any contract between the plaintiff and Bell, who was a mere surety for Prouty. Bell did not know that the other parties had signed the note, until after it was discounted. Whatever claim the plaintiff may have upon Prouty, he cannot maintain this action against him and Bell jointly. *Lapham* v. *Barnes*, 2 Verm. 213. 3 Wend *ubi sup.* Bayley on Bills, (2d Amer. ed.) 45, 50.

The last instruction which the plaintiff requested was rightly refused. The judge had instructed the jury fully, and no further instructions were necessary.

HUBBARD, J. Several points were made by the plaintiff, in the trial of this cause in the court of common pleas, upon which the plaintiff requested the ruling of the judge. 1. The first was, that the possession and production of the note by the plaintiff, was *primâ facie* evidence that he had paid and taken it up, and was conclusive unless rebutted. The presiding judge ruled that the possession of the note was a circumstance from which it was competent for the jury to infer that the note was paid by him.

We have no doubt that where a promissory note has been negotiated, and afterwards comes into possession of one of the parties liable to pay it, such possession is *primâ facie* evidence of payment, and that he is to be treated as the *bonâ fide* holder, unless the contrary is made to appear. *Dugan* v. *United States*, 3 Wheat. 172. *Baring* v. *Clark*, 19 Pick. 220. *Northampton Bank* v. *Pepoon*, 11 Mass. 288. The ruling of the judge was not so pointed; but it was clearly to that effect, and, upon the evidence, was sufficiently favorable. For though possession is *primâ facie* evidence of payment, it does not follow, as a consequence from the possession, that M'Gee paid it; because it might have been more for the interest of Thompson, if he, and not the plaintiff, had paid the note, to sue in the plaintiff's name, rather than in his own, in the belief that the plaintiff might recover against Bell, when he could not. But however this may be, the case does not depend upon the ruling on this point.

2. The plaintiff contended, that the terms and effect of a written contract cannot be varied, altered or controlled by parol testimony, and therefore it could not be shown by parol that Bell was a surety only. But the presiding judge ruled that it was competent to show it by parol testimony.

The principle of law, in respect to the exclusion of parol testimony in the construction of written contracts, is perfectly settled; but it is not applicable to this case. The attempt to apply it arises from a mistaken view of the relations and rights of the respective parties. The law respecting sureties, and their obligations to contribute proportionably, does not arise out of contract between them, but is founded on principles of equity; and the obligation is enforced, as a legal liability growing out of the mutual relation. As between these parties, therefore, Bell, when sued, might show that he was only a surety, as the maker of a note may show, as between himself and the payee, that he signed it for the accommodation of the payee. *Grafton Bank* v. *Kent*, 4 N. Hamp. 221. *Warner* v. *Rice*, 3 Wend. 397.

This suit is not on the note; that is only a part of the

evidence in the case, offered by the plaintiff, and is not conclusive upon Bell.

3. The plaintiff also requested the court to instruct the jury, that though it might appear that Bell was a surety as respected Prouty, yet unless knowledge of that fact should be brought home to the plaintiff, Bell would still be liable, as principal, as to him ; and that though Bell might have been merely a surety of Prouty, as between him and Bell, yet if he intended to be liable as principal, so far as Thompson and M'Gee were concerned, he would still be liable in this action.   But the court declined instructing the jury as requested.

It is true that Bell did not add the word " surety" to his name, and he might therefore be liable to a *bonâ fide* holder of the note, without notice, to all the responsibilities of a principal.   But as between the sureties themselves, we are of opinion that he may prove that he was merely a surety.   A want of knowledge of the fact, on the part of the plaintiff, does not alter his relation to Bell.   They are still sureties ; and because the plaintiff has taken up the note, it does not change his character as a co-surety.   4 N. Hamp. *ubi sup. Taylor* v. *Savage,* 12 Mass. 102.   *Harris* v. *Brooks,* 21 Pick. 195. *Lapham* v. *Barnes,* 2 Verm. 213.

As to the latter part of the prayer, it does not appear what the instruction was ; but upon the evidence, as reported, no such intention was proved.   On the contrary, it did not appear that Bell knew that M'Gee had put his name to the note, till after it was discounted.   The want of instruction, therefore, became immaterial, so far as we can now judge.

It is not necessary for us to consider whether Bell would be liable to M'Gee, in a separate action, under the facts disclosed, for the whole or any part of the money now demanded. It is very clear that he is not liable jointly with Prouty, and therefore is not chargeable in this action.

*Exceptions   overruled.*