JOSEPH C. STEVENS & *als. versus* THOMAS A. HILL.

The directors of a bank, having the control of its financial affairs, may direct the assignment or transfer of a note belonging to the bank.

Where the directors of a bank, just before the expiration of its charter, transfer property to trustees for the · benefit of the stockholders, all interest which the corporation had in, the property terminates, the legal interest vests in the trustees, and the beneficial interest in the stockholders.

The maker of a note which is sued by those who have a legal interest in it, has no right to inquire into the disposition to be made of the proceeds when collected ; but if the plaintiffs can lawfully receive payment for the note, the defendant is protected in making it, whatever may become of the proceeds.

ASSUMPSIT on a note payable to the Lafayette Bank.

By a vote of the stockholders, the plaintiffs were appointed trustees of all the property belonging to the bank, in trust for the benefit of the stockholders individually, in proportion to their respective numbers of shares in the stock ; and the president was authorized to assign to said trustees all the notes belonging to the bank.   Joseph C. Stevens, acting as president, indorsed the note in suit.   This action is in the name of the trustees, and was commenced after expiration of the time allowed by law for closing up the affairs of the bank.   Records of the stockholders' and of the directors' proceedings were introduced.

The trial was before SHEPLEY, J.   The defendant submitted to a default, which is to be taken off if the plaintiffs, upon the evidence or so much thereof as was legally admissible, are not entitled to recover.

*J. & M. L. Appleton,* for defendant.

*Prentiss & Rawson,* for plaintiffs.

WELLS, J. — By a vote of the stockholders of the Lafayette Bank, of October 4, 1843, the plaintiffs were appointed trustees, in behalf of the stockholders, and the property of the bank was transferred to them, for the use and benefit of the *stockholders,* after discharging the corporate liabilities. At a meeting of the directors, holden on the 26th of March,

1844, before the time limited for closing the affairs of the bank had expired, the president of the bank was authorized to assign all the notes, &c. belonging to the bank to the trustees appointed by the vote of the stockholders.

The note in suit was indorsed by J. C. Stevens, as president of the bank. There is no vote exhibited, showing that Stevens was chosen president of the bank, but as no question is made, that he was such, we assume that to be so.

The directors having the control of the financial affairs of the bank, may undoubtedly direct the assignment or transfer of a note, belonging to the bank. *Northampton Bank* v. *Pepoon,* 11 Mass. R. 288; *Spear et al.* v. *Ladd, ibid.* 94; *Folger* v. *Chase,* 18 Pick. 63.

The assignment being effectual, the legal interest in the note passed to the plaintiffs.

But it is contended, that the action having been commenced after the time was passed, for closing the affairs of the bank, cannot be maintained.

But the note was transferred before that time, when the charter was in force. And although the plaintiffs are acting as trustees, they are not trustees holding for the benefit of the corporation, but for the stockholders. Their action does not continue the powers of the bank, for they do not hold the property for the bank.

It is true, that the bank could not confer a power, upon the trustees, which it did not itself possess. But by the assignment, all interest, which the corporation had in the note, terminated; the legal interest was vested in the trustees, and the beneficial interest, in the stockholders.

By the common law, upon the civil death of a corporation, its real estate reverts to the grantor and his heirs, and the debts due to and from the corporation are extinguished. But by the R. S. c. 76, § 28, the property, belonging to a corporation, on its final dissolution, vests in its stockholders or members, as tenants in common.

If therefore, the note in suit, had remained, until the dissolution of the corporation, without being negotiated, it would

have become the property of the stockholders, and they could have transferred it to the plaintiffs, as their trustees.   By the course, which was pursued, the stockholders acquired no more power over the note, than the law gave them.

By the act of March 24, 1843, the Governor and council, upon the application of a stockholder or creditor, may appoint a receiver, who is authorized to use the corporate name of the bank, for collecting its debts and closing its business.   But if no such application is made, the property passes by operation of the statute to the stockholders, who can dispose of it, as they may think proper, without the aid of the corporate name or powers.   The 25th section of chapter 76, before cited, authorized a creditor or stockholder to apply to the Supreme Judicial Court, upon the dissolution of a corporation, for the appointment of trustees, to receive its effects, and close its affairs.   The Court may appoint them, and they can use the name of the corporation, in prosecuting and defending suits.

But if neither creditors or stockholders apply to the Governor and council, or to the Court, the affairs of the corporation are to be under the control of those, who have the legal interest in them.

But we do not perceive, that the defendant has any legal right, to inquire into the disposition of the proceeds of the note, when collected ; if the plaintiffs have a legal interest in the note, and can lawfully receive payment for it, the defendant is protected, in making payment to them, whatever disposition they may make of the proceeds.   *Folger* v. *Chase*, before cited.   The default, to which the defendant submitted, is to remain.