OLIVE KELLY *vs.* SAMUEL DREW.

A woman married a second husband, after living separate from her first husband for about four years without hearing of him or of his death, and did not hear of him for sixteen years afterwards. *Held*, that the presumption was that she was the lawful wife of the second husband.

If a married woman buys articles of furniture for family use from time to time, paying for them partly with her own earnings and partly with money furnished by her husband, and not discriminating part of the property as her own from the rest, and there is nothing in the articles themselves to indicate that they were for her personal and exclusive use, it is *prima facie* evidence that she does not claim or have any separate title or exclusive right in any portion of them.

REPLEVIN of a carpet, mirror, table, sofa, chairs, and other articles of household furniture. The defendant denied the plaintiff's title, and claimed title in himself.

At the trial in the superior court, at March term 1865, before *Ames*, J., the plaintiff introduced evidence tending to show that her daughter Sarah was married to the defendant about sixteen years before, and kept house and lived with him till about four years before, when they separated and lived apart from each other; that during their cohabitation the defendant furnished all the supplies for the family; that in 1859 she and her daughter together earned about one hundred dollars in binding shoes, and with it purchased the furniture in question, which was brought into the defendant's house and used in his family, the plaintiff being a member of the family; that afterwards the plaintiff furnished one hundred dollars more to her daughter, which was delivered by the latter to the defendant to aid in purchasing the ious: in which they lived, and it was then agreed between the

plaintiff and her daughter that the plaintiff was to have the furniture, unless the defendant repaid the one hundred dollars; and that the defendant had repaid only ten dollars of it. The defendant contradicted portions of this evidence.

"The plaintiff then, after the defendant's case had been put in, proposed to call her daughter, the said Sarah, for the purpose of showing by her that before her marriage to the defendant she had been lawfully married to one J. C. Hall, in 1844; that she had lived with said Hall as his wife for a few months, and that, at the time of her marriage to said Drew, she had not heard of the death of said Hall; and the plaintiff claimed that she was entitled to use the said Sarah as a general witness in this case. The judge refused to receive her as a witness; and instructed the jury that the plaintiff in order to prevail must prove her title to the property; that her title as stated by herself was that the goods were once the joint property of herself and her daughter, and that the daughter for good consideration had given up the whole to her; that upon the question whether the plaintiff was a joint purchaser with her daughter the jury were to consider all the circumstances; that the fact that the plaintiff furnished a part of the money with which the purchase was made would not be decisive, because under the circumstances she may have been willing to lend or give so much to her daughter's benefit; that upon the question whether the daughter had any title therein separate from her husband the jury would understand that, although a wife might if she chose keep her earnings to herself, she might waive that right if she saw fit; that if she bought articles for family use from time to time, paying for them partly with her own earnings and partly with money furnished by him, and not discriminating or separating part of the property as her own from the rest, and there being nothing in the articles themselves to indicate that they were for her personal and exclusive use, it would be *prima facie* evidence that she did not claim or have any separate title or exclusive right in any portion of them; but if the jury found that said Sarah did purchase with her own funds and on her own account, and had any right in the property to the exclusion of the husband, she would have

a right to transfer such interest to the plaintiff; that the loan by the plaintiff to the husband would be a sufficient consideration in law to sustain such a transfer, and that no written bill of sale or formal delivery would be necessary, if it were distinctly understood and agreed that there should be such a transfer of ownership to the plaintiff."

The jury found a verdict for the defendant; and the plaintiff alleged exceptions.

*A. V. Lynde,* for the plaintiff.

*A. F. L. Norris,* for the defendant.

GRAY, J.   The first question raised by this bill of exceptions is whether the superior court rightly refused to admit the plaintiff's daughter as a witness.

Her testimony, so far as it went to show that the defendant had married and cohabited with the witness while she had another husband living, tended to prove that the defendant had been guilty of adultery.   The law, upon considerations of public policy, and of preserving the harmony of the marriage relation, independent of any interest of parties or witnesses, will not allow a wife in any case, civil or criminal, to be a witness against her husband, or to testify to any fact which directly tends to show him to have been guilty of a crime, other than an injury to her person, in which case she is admitted to support an indictment against him, for the sake of bringing him to justice.   *Fitch* v. *Hill,* 11 Mass. 288.   *Commonwealth* v. *Murphy,* 4 Allen, 491.   *Commonwealth* v. *Sparks,* 7 Allen, 535.   *Stein* v. *Bowman,* 13 Pet. 221, 222.   This incompetency of the wife to be a witness against her husband is not affected by the recent statutes; for the general provisions, removing disqualification by reason of interest and enabling parties to testify, do not affect this exclusion on grounds of public policy ; and the provisions expressly authorizing husbands or wives to testify are limited to cases in which the wife is a party or one of the parties.   Gen. Sts. *c.* 131, §§ 13, 14, 16.   *Burlen* v. *Shannon,* 14 Gray, 437, 438. *Barber* v. *Goddard,* 9 Gray, 72.

But when a husband is proved to have married a second wife, living the first, though the first wife is not a competent witness

against him, the second is, not being in law his wife. 1 Hale
P. C. 693. Gilb. Ev. (3d ed.) 137. Bull. N. P. 287. 1 East
P. C. 469. And upon like reason a woman, duly proved to
have been previously married to a man still living and still her
husband, is doubtless a competent witness against a second
husband. The practice, both in England and in this country,
as stated in some modern treatises, has been to prove the earlier
marriage by independent evidence ; and there are respectable
judicial opinions that it cannot be proved by the testimony of
the wife herself. 1 Greenl. Ev. § 339. Best on Ev. § 173. *Peat's
case*, 2 Lewin C. C. 288. *Rose* v. *Niles*, Abbott's Adm. R. 411.
*The Queen* v. *Madden*, 14 Upper Canada Q. B. 588. But the
earlier books already cited suggest no such limit of the means
of proving the earlier marriage; and there are decisions of at
least equal authority in favor of admitting a woman to testify
against one appearing to be her husband, upon its being shown
by her own examination that she is not his lawful wife.
*Batthews* v. *Galindo*, 1 Moore & P. 565; *S. C.* 4 Bing. 610.
*Wells* v. *Fletcher*, 5 C. & P. 12. *Regina* v. *Young*, 5 Cox Crim.
Cas. 296. If the case required a determination of this question,
it would be necessary to examine and weigh these conflicting
decisions and the reasons on which they are founded. But
this case may be decided without entering upon such an inves-
tigation.

The state of facts offered to be shown by the witness was
only that more than twenty years ago she was married to an-
other man, and lived with him for a few months, and about four
years afterwards married the defendant without having heard
of her first husband's death. No evidence was offered that
the first husband had been heard from for twenty years, or that
he had not died or been divorced from her before her second
marriage. Under the circumstances of this case, the presump-
tion of the wife's innocence in marrying again might well over-
come any presumption that a man not heard from for four years
before the second marriage, or for sixteen years afterwards, was
alive and her lawful husband when she married the second time.
*The King* v. *Twyning*, 2 B. & Ald. 386. *Lapsley* v. *Grierson*,

1 H. L. Cas. 505. *Loring* v. *Steineman*, 1 Met. 211. *Greensborough* v. *Underhill*, 12 Verm. 604. The judge presiding at the trial could not admit her as a witness against the defendant, without being satisfied that she was not his lawful wife ; and as no sufficient evidence was offered that at the time of marrying him she had a former husband, she was rightly excluded from testifying.

The instructions given to the jury were well adapted to the facts disclosed by the evidence, and are stated in the bill of exceptions with such fulness, precision and clearness, as to require no further demonstration of their accuracy.

*Exceptions overruled.*