NICHOLAS H. MITCHELL, PLAINTIFF IN ERROR, v. THE PRESIDENT, DIRECTORS AND TRUSTEES OF THE ST. ANDREW'S BAY LAND COMPANY, DEFENDANTS IN ERROR.

The private seals of a committee, professing to act for a corporation, are not the seals of the corporation; and though the corporation may have authorized the committee to contract, and may, therefore, be liable in some form of action, yet *covenant* is not the proper remedy.

" An action of covenant can only be maintained against a person who has executed a deed under seal."

Nicholas Mitchell brought an action of covenant in the Circuit Court of the County of Jackson, against the President, Directors and Trustees of the St. Andrew's Bay Land Company, upon a certain indenture or memorandum of an agreement signed and sealed by Richard H. Long, William Nickels and Allen H. Bush, who were alleged to be a committee of, and acting for, and duly authorized by, the St. Andrew's Bay Land Company.

The defendants pleaded that the said persons named in the declaration were not authorized under the seal of said company to execute the writing named in the declaration. To which plea, there was a replication that the said persons were authorized; and, further, that their act, or execution of the said writing under seal, was ratified by the president, directors and trustees of said company. Special demurrer to the replication, which was sustained in the Court below.

The writing upon which this suit was brought is the same as that set out in the case of the St. Andrew's Bay Land Company against Nicholas Mitchell.

*Woodward* and *Yonge*, for Plaintiff in Error.

*Keyes*, for Defendants in Error.

This case was decided upon special demurrer to a replication for duplicity. Upon which, exception was taken to the declaration.

The point adjudicated by the Circuit Court was, that covenant could not be maintained by Mitchell on the agreement set out in the declaration. The case is submitted upon Randall v. L. VanVechten et al., 19th Johnson's Reports, 60, m. The Bank of the Metropolis v. Guttchlich, 14th Peters, 19.

ANDERSON, *Chief Justice*, delivered the opinion of the Court.

The decision of the Court below in this case was, " that the said declaration, and the matters and things therein con-

tained, are not sufficient in law for the plaintiff to have and maintain his action against the said defendants."

The correctness of this decision is the point submitted to this Court, and we shall, therefore, disregard the other questions which would arise on the pleadings, if it were material to notice them.

Nicholas Mitchell complains of the president, directors and trustees, constituting the St. Andrew's Bay Land Company, of a plea of breach of covenant: " for that whereas, heretofore, to wit, on the eleventh day of May, in the year of our Lord eighteen hundred and forty-one, at the county of Washington, to wit, at the county aforesaid, by a certain indenture or memorandum of an agreement then and there made and entered into and sealed with the respective seals of Richard H. Long, William Nickels and Allen H. Bush, composing and constituting a committee of, and acting and duly authorized for, and on behalf of, the St. Andrew's Bay Land Company, the said defendants, which said memorandum of agreement, so sealed, said plaintiff brings now here into Court, bearing date the day and year aforesaid, after reciting that the same was made between the St. Andrew's Bay Land Company of the one part, and Nicholas H. Mitchell of the other part, leased unto the said Nicholas," &c.

The question is, can an action of covenant be sustained against the St. Andrew's Bay Land Company on the indenture here described ? To use the words of Mr. Chitty, " covenant is a remedy provided by law for the recovery of damages for the breach of a covenant, or *contract under seal.* It cannot be maintained except against a person who, by himself, or some other person acting in his behalf, has executed a deed under seal."

The defendants certainly did not execute the indenture described by themselves, and the only inquiry is, whether they executed the deed under seal by some other person ? The declaration says the indenture was sealed with the respective seals of Long, Nickels and Bush, and though it is

alleged these persons were duly authorized by the Land Company, such allegation can only mean they were authorized to make the agreement, not to affix the seal of the company; and what is still more material, there is no allegation that the seal of the company was affixed, and no such seal is in fact affixed, to the agreement which is appended to the declaration. The committee might have been fully empowered to make the agreement and, having made it, the company would be fully responsible for a breach of it to the plaintiff, in some form of action; but surely not in an action of covenant, which "cannot be maintained except against a person who has executed a deed under seal."

The private seals of the committee are not the seals of the corporation, and consequently the plaintiff is here suing a defendant in covenant, who, according to his own showing, has not executed a deed under seal.

We refer, in support of these familiar positions, to White v. Skinner, 13 Johnson's Reports, 307; Randall v. Van Vechten and others, 19 Johnson's Reports, 60, and Taft v. Brewster and others, 9 Johnson's Reports, 334.

The judgment of the Court below on the demurrer must be affirmed.