Smith Frye, Appellant, *v.* Nathan Tucker *et al.,* Appellees.

### APPEAL FROM PEORIA.

A railroad company can take and negotiate promissory notes in the ordinary course of business.

An assignment by the officer of the company, is *prima facie* the act of the company.

The identity of the note may be established by the docket of the justice, or other proof; the trial in appeal from the judgment of a justice, is *de novo*, and all formal objections are overlooked, if the justice had jurisdiction.

This was a suit brought upon a promissory note, before a justice of the peace, before whom default was made, and judgment and appeal to the Circuit Court.

The transcript of the justice of the peace is in these words:

"Nathan Tucker & Henry Mansfield
*vs.*
Smith Frye. In assumpsit. Note filed for $226.40. Summons issued on the 12th day of April, A. D. 1859, returnable on the 19th, at 10 o'clock, A. M., and returned by D. A. Wheeler, const., served by reading to the defendant on the 13th. On the return day, the defendant made default. It is therefore ordered and adjudged that the plaintiffs recover two hundred and twenty-six dollars forty cents damages, and costs of suit."

The usual memorandum of costs is made in the margin of the transcript, and the ordinary certificate of the justice attached thereto.

A promissory note, in these words:

$225.                               *Peoria, March 11th,* 1858.

Twelve months after date, I promise to pay to the order of Peoria & Oquawka Railroad Company, two hundred and twenty-five dollars, at —————, value received.                         SMITH FRYE.

On the back of which note are these words: "Pay to the order of Tucker & Mansfield. The Peoria & Oquawka Railroad Company, by Henry Nolte, Secy."

At November term, 1859, of the Peoria Circuit Court, there was a trial by jury, and verdict for plaintiffs for $235.50.

Motion for a new trial was overruled. Judgment on verdict, and appeal to Supreme Court allowed.

The assignment of errors is as follows:

That the note read in evidence is fatally variant from the one described in the justice's transcript.

The plaintiffs below did not establish a valid assignment by the Peoria and Oquawka Railroad Company to them, of the note read in evidence.

The evidence shows that the said promissory note was given without any good consideration, and that the plaintiffs below had notice thereof when they received the same.

The court refused to instruct the jury, that if the plaintiffs below knew when they received said note, that it was given for a worthless consideration, the verdict should be for the defendant below.

The record, proceedings and judgment are otherwise manifestly against the law of the land and the rights of the appellant.

CHARLES C. BONNEY, for Appellant.

MANNING & MERRIMAN, for Appellees.

BREESE, J. That a railroad company can take a promissory note and negotiate it in the ordinary course of their business, cannot be questioned. It is a power inherent in all such corporations. The assignment by the company, was *prima facie* their act through their authorized officer. If it was not their act, it should have been denied by affidavit. *McIntire* v. *Preston,* 5 Gilm. 60.

The entry on the docket of the justice of the peace identified the note, and was sufficient. But if it was not, it could make no difference, as on the appeal the case is tried *de novo* in the Circuit Court, all formal objections of every kind being overlooked, the only inquiry being, had the justice of the peace jurisdiction. *Swingley* v. *Haynes,* 22 Ill. R. 216.

The judgment is affirmed.

*Judgment affirmed.*