JOHN F. LAY, APPELLANT, VS. G. I. AUSTIN, APPELLEE.

A promissory note payable to the order of the Panasoffkee and With-
lacoochee Navigation Company, and a mortgage securing the
same, were assigned by its president and secretary, the assign-
ment being in substance : "We, the undersigned, D. R. T.,
President, and C. S. B., Secretary of the P. & W. N. Co., hav
transferred to J. C. the attached mortgage and note, and on the
part of said company have hereto attached our names and af-
fixed our seals," they signing their individual names and using
statutory private seals: *Held*, 1st, that the assignment is upon
its face the act of the company through these offices, and not the
individual act of the officers ; 2d, that a bill setting up the as-
signment, and alleging that the officers had authority to make it,
shows a valid transfer of the note and mortgage to the assignee,
and is not demurrable as not showing that the company had
parted with its title to these instruments.

Appeal from the Circuit Court for Sumter County.

The facts of the case are stated in the opinion of the
court.

*Fleming & Daniel* for Appellant.

### STATEMENT OF THE CASE.

G. I. Austin, the appellee, who was the complainant in
the court below, filed his bill against John F. Lay, the ap-
pellant, to foreclose a mortgage.

The bill alleges that the defendant, John F. Lay, on
30th day of April, 1884, made and delivered to the Pana-
soffkee & Withlacoochee Navigation Co., a corporation,
his promissory note, payable two years after date, attach-
ing the note as an exhibit to the bill. That on the same
day the defendant executed his mortgage to secure the .
payment of the note, and the mortgage is attached as an
exhibit to the bill.

The bill further alleges that on the 13th of September,

1884, the said note and mortgage were assigned to one John Conley for value, by D. R. Towns, as President and C. S. Bushnell as Secretary of said Company. The said President and Secretary having authority so to do, and refer to endorsement and acknowledgment on the said mortgage.

That on April 5th, 1885, said Conley for value sold and assigned said note and mortgage to the complainant, and refers to assignment attached as an exhibit.

The bill goes on to state that the note became due and was not paid, and prays foreclosure and sale of the property in the usual form.

To this bill the defendant interposed a demurrer.

Alleging as grounds:

1st. That it appears that the complainant has no title to the said note or mortgage.

2d. That it appears by the bill that neither said note or mortgage has been assigned by the Panasoffkee & Withlacoochee Navigation Co.

3d. That it appears by the bill that said company hold title to the said note and mortgage.

The demurrer was heard by the Hon. J. J. Finley, Judge of the 5th Judicial Circuit, sitting in chancery, and an order was thereupon made overruling the demurrer.

From that order this appeal has been taken.

ARGUMENT.

The three grounds of demurrer may be considered together and are involved in the question as to whether or not it appears that the said note and mortgage were assigned by the company.

The allegation of the bill is that " said note and mortgage were assigned to one John Conley for value by D. R. Towns as President and C. L. Bushnell as Secretary of the said Panasoffkee Navigation Company, the said President and Secretary having the authority so to do, all of which

will appear endorsed and acknowledged upon the said mortgage (the italics are ours). Thus it appears that not even does the bill allege that the assignment was that of the said company, the payee and mortgagee, but by Towns as President and Bushnell as Secretary, complainant makes profit of the assignment endorsed on the mortgage, which is an exhibit to the bill, and if upon examination of the assignment by the company, it might be held to cause the defective allegation.

The assignment is in the following words: "We, the undersigned, D. R. Towns, President, and C. S. Bushnell, Secretary of the Panasoffkee and Withlacoochee Navigation Company, have transferred to John Conley the attached mortgage and note, and on the part of said company have hereto attached our names and affixed our seals the day and year first above written," and the same is signed "D. R. Towns, L. S., and C. S. Bushnell, L. S." The acknowledgment is in keeping with the assignment. D. R. Towns and C. S. Bushnell acknowledge "that they executed the transfer of this mortgage and note for the purposes therein expressed."

We contend that such assignment is nothing more than the personal assignment of the company, but of the said individuals who describe themselves respectively as President and Secretary of said company, which is merely *descriptio personae.*

We respectfully submit the following authorities:

When the president of an insurance company in transacting the business of the company gave a note in which he described himself as president of the company, the note was considered the note of the president and not of the company, the addition to his name being regarded as *descriptio personæ.* Barb. & Mechanics Ins. Co., 3 Wend., 94.

"Where an agent or attorney contracts on behalf of his principal he must do so in the name of the principal, or the latter is not bound." Combes Cases, 9 W., 76, 77. Where any one has authority to do an act it should be done in the name of him who gives the authority. All the subsequent cases agree in the law as there laid down by Coke. Stone vs. Wood, 7 Cowen, 458.

Four directors of a joint stock company signed their names to a promissory note. "We, the directors of the Isle of Man Slate company, do promise to pay." On one corner of the note was the company's seal: *Held*, That the directors were personally liable as makers of the note. Dutton vs. Marsh, L. R., 6 U. S., 361.

Trustees of a corporation who executed a promissory note to which they signed their several names as trustees and affixed their individual seals were held liable personally. McClure vs. Bunnett, 1 Blackford, 189, 12 Am. Dec., 223.

A bond was executed by certain parties who were described as "Trustees of the Baptist Society of the town of R," but they executed it in their individual names and by their seals. They were held personally liable, and the designation affixed was mere *descriptio personæ*. 9 Johns., 334; 6 Am. Dec., 280.

In this connection we would call attention to the fact that the assignment in this case bears the individual seals of the persons who sign and not that of the corporation.

In a suit by an executor or administrator in his representative character, he must describe himself as administrator or executor, only describing himself executor or administrator is merely *descriptio personae*. Branch vs. Branch, 6 Fla., 314.

In the light of the foregoing authorities we submit that the attempted assignment of the note and mortgage is the

act of the said Towns and Bushnell individually and not the act of the Panasoffkee and Withlacoochee Navigation Company, and that there is nothing to show that the said company is not now the owner of said papers.

This is a matter of material right to the defendant. If, as we contend, the said note and mortgage are the property of the said company, the defendant may avail himself of defences which he claims to have as against the company.

*John G. Reardon* for Appellee.

RANEY, C. J.: The bill of foreclosure before us alleges that the appellee executed a promissory note payable to the order of the Panasoffkee and Withlacoochee Navigation Company, and a mortgage on lands to secure its payment, and that the note and mortgage were assigned to one John Conley for value received, by D. R. Towns, as President, and C. S. Bushnell, as Secretary of the said Panasoffkee and Withlacoochee Navigation Company, the said President and Secretary having the authority so to do, all of which will appear indorsed and acknowledged upon said mortgage. The note and mortgage are made exhibits to the bill as a part of it. The assignment indorsed on the mortgage is, omitting the statement of the locality of its execution and the names and attestations of the subscribing witnesses, as follows :

Be it known to all men that on this thirteenth day of September, A. D. 1884, we, the undersigned D. R. Towns, President, and C. S. Bushnell, Secretary of the Panasoffkee and Withlacoochee Navigation Company, have transferred to John Conley the attached mortgage and note, and on the part of said company have hereto attached our names and affixed our seals the day and year first above written.

D. R. Towns,     [L. S.]

C. S. Bushnell.   [L. S.]

The bill also alleges that Conley for value sold and assigned the note and mortgage to complainant.

The appellant has demurred, and the grounds stated are, that it appears by the bill, first, that complainant has no title to the note or mortgage, and second, that neither of said instruments has been assigned to the plaintiff by the Panasoffkee and Withlacoochee Navigation Company, and third, that the company hold title to the note and mortgage.

It is contended on behalf of appellant that the assignment is the act of Towns and Bushnell individually, and not the act of the corporation, but the authorities do not sustain this position. Where a note is payable to a corporation by its corporate name, and is indorsed by an authorized agent or official, with the suffix of his official position, it will be regarded that he acts for his principal disclosed on the paper as the payee, and who, therefore, is the only person competent to transfer the legal title. Daniel on Negotiable Instruments, section 416; Randolph on Commercial Paper, section 145. An indorsement by an officer of a corporation is *prima facie* the act of the company. Randolph, section 368; Frye vs. Tucker, 24 Ill., 180. In McIntyre vs. Preston, 5 Gilman, 48, a note payable to a corporation was assigned thus: "Without recourse. Joel Scott, Sec'y," and it was held that when properly filled out, as the plaintiff might do on the trial, it was sufficient to pass the legal title to the note, and that the authority of Scott, the Secretary, to assign it could only be questioned by plea. See also Goodrich vs. Reynolds, Wilder & Co. 31 Ill., 491. Northampton Bank vs. Pepoon, 11 Mass., 288, decides the same where the indorsement was in blank by an authorized attorney signing his name and styling himself attorney. Folger vs. Chase, 18 Pick., 63, was a case where a note was indorsed by the payee to a bank, and

its cashier indorsed it as follows: "P. H. Folger, Cashier," and it was objected that the latter indorsement was not made in the name of the corporation; but, said the Supreme Court of Massachusetts, we think the indorsement by the cashier, in his official capacity, sufficiently shows that the indorsement was made in behalf of the bank, and if that is not sufficient, the plaintiffs have the right now to prefix the name of the corporation. Nicholas vs. Oliver, 36 N. H., 218, decides that the indorsement, " W. Earle, A. Sec'y," made on a promissory note payable to an insurance company, is to be considered the endorsement of the company, if nothing further appear to indicate that it is intended as the indorsement of some other party. In Russell vs. Folsom, 72 Me., 436, the indorsement by the treasurer of the payee corporation signing his name and an abbreviation of his office, was held to transfer the legal title; and in Farrar vs. Gilman, 19 Me., 440, the indorsement by the cashier of the bank was adjudged to be *prima facie* evidence of a legal transfer of a negotiable note. See also Chase vs. Hathorn, 61 Me., 505; Dunn vs. Weston, 71 Me., 270; Elwell vs. Dodge, 33 Barb., 336; Marine Bank vs. Clements, 31 N. Y., 33.

Looking at the endorsement it is apparent from its face, considering its entire language, that the officers intended to act on behalf of their company, and not as principals, and when viewed in the light of the above authorities, the conclusion follows that the endorsement is the act of the company, and not of the individuals whose signatures are affixed to it.

The bill alleges that the officers had authority to assign the note and mortgage, and this is admitted by the demurrer, and can only be traversed by proper averments in an answer or plea.

There is nothing in the conclusion reached or the au-

thorities cited above that is inconsistent with the case of Robinson vs. Springfield Company, 21 Fla., 203, and other kindred cases not falling within the rule controlling endorsements by officers of corporations.

The order overruling the demurrer is affirmed, and the cause will be remanded for further proceedings consistent with this opinion and the equity practice in such cases.

Dissenting opinion by

MAXWELL, J.: I do not concur with the majority of the court. That the assignment to Conley, so far as legal obligation is concerned, is not in its character such as of itself to bind the corporation does not, I think, admit of dispute. The paper executed for the purpose of assignment is not in the name of the company, and is executed by parties who do not in terms claim authority to make it, and there is nothing in it that makes it the act of the company. Towns and Bushnell " have transferred " to Conley. This is their individual act, according to fully established law, notwithstanding the words " President " and " Secretary," which follow. These in such a connection are only words describing the persons, and do not import representative action—in this case more manifest from the fact that they sign the paper, not in the name of the company, but in their individual names, without any official or other designation of agency, and affix their individual seals thereto. Such an instrument, regarded upon its face alone, cannot be taken as transferring the property of the company in the note and mortgage. It belongs to the class of transactions in which persons acting, or claiming to act, in a representative capacity, so discharge their functions as to make themselves individually responsible. Among the numerous cases of this character are Barker vs. Mechanic

In. Co., 3 Wend., 94; Tafft vs. Brewster, 9 Johnson, 334; Stone vs. Wood, 7 Cowen, 453; Tippetts vs. Walker *et al.*, 4 Mass., 594; Bradlee vs. Boston Glass Manufactory, 16 Pick., 337. See also Story on Agency, Section 276.

The assignment itself being insufficient to bind the corporation, I think the allegations of the bill in regard to authority of the " President " and " Secretary " of the corporation to make it, are not sufficiently specific to hold the demurrer as admitting the authority. I concede that if they were, the complainant would be entitled to his decree. The infirmity of the assignment is not such as to render it totally void, as against the corporation; but upon due allegation and proof of proper agency in its execution it should be upheld as the act of the corporation, that this may be done, by evidence *aliunde*, where the instrument itself is defectively executed, is maintained by abundant authority. See among others, Fleckner vs. Bank of U. S., 8 Wheaton, 338; Everett vs. United States, 6 Porter, 166; McWhorter vs. Lewis, &c., 4 Ala., 198; Milledge vs. Boston Iron Co., 5 Cush., 158; Haile vs. Pierce, 32 Md., 327, and Tippetts vs. Walker *et al.*, *supra.* In the last case it was decided that the persons professing to act as agents were individually liable, and not the corporation, but the court virtually said that if there had been evidence to show the agency of the persons, its decision would have been different.

My conclusion is that the demurrer should have been sustained, with liberty to complainant to amend his bill, if he can, by more definite and certain allegations of the authority of the President and Secretary to make the assignment in question.