W. J. McGILL, *et al.*, *Plaintiffs in Error*, v. MARY DARTIST, *et al.*, *Defendants in Error.*

Opinion Filed May 11, 1915.

1. A United States Government patent to land that is regular and valid on its face may be admitted in evidence in proper issues, and questions of equitable estoppel of claims thereunder may be shown in appropriate proceedings.

2. Equitable estoppels are proper defenses in actions of ejectment in this State, and evidence of such estoppels is admissible under the plea of not guilty.

3. A certificate made and sworn to by the Register of the U. S. Land Office as to the contents of records of his office should not be admitted in evidence when properly objected to.

4. Certificates from the U. S. General Land Office as to payments for land that do not show the land was rully paid for prior to the time when the patent was issued, may be immaterial on a question of equitable estoppel based on a supposed full payment for the land long prior to the date of the patent.

5. Where there is no material error in rejecting proffered evidence for the defendants, and the plaintiffs are entitled to recover on the whole record, a directed verdict for the plaintiffs may be proper.

Writ of error to Circuit Court for Duval County; Geo. Couper Gibbs, Judge.

Judgment affirmed.

*A. H. & Roswell King,* for Plaintiffs in Error;

*Baker & Baker,* for Defendants in Error.

WHITFIELD, J.—In an action of electment the court directed a verdict for the plaintiffs and the defendant took writ of error.

Over the objection of the defendants the court admitted in evidence an original patent issued by the United States to Travis Pigg dated July 13, 1908, covering the land in controversy. The objection made to the introduction in evidence of the patent was that entry of the land was made in 1850 when the entryman paid for land covered by Lot 3, which land is embraced in Lot 1 as patented; that other lands embraced in Lot 1 were paid for in 1908, and that subsequent to such payment in 1850, and many years before the patent issued the defendants entered into possesion of the land, made improvements thereon and still are in possesion thereof as admitted by the plea of not guilty; that one J. E. Johnson made payment of the amount due for the land not covered by the original Lot 3 for the purpose of securing title in himself, and that because thereof, the patent is illegal. Upon its face the patent appears to be regular and valid. It was

properly admitted in evidence. If the patentee and his heirs are legally estopped from claiming the land by virtue of the patent, it may be shown by appropriate procedure.

Equitable estoppels are proper defenses in actions of ejectment in this State, and evidence of such estoppels is admissible under the plea of not guilty. Coram v. Palmer, 63 Fla. 116, 58 South. Rep. 721; Hagan v. Ellis, 39 Fla. 463, 22 South. Rep. 727; Terrell v. Weymouth, 32 Fla. 255, 13 South. Rep. 429. No error was committed in refusing to permit an equitable plea to be filed at the trial. The defendant could have made the same defense under the plea of not guilty on which the case was tried.

The court excluded a certificate made by the Register of the U. S. Land Office and sworn to, stating that his records show that in June, 1850, Travis Pigg made cash entry for Lot 3 for which he paid $44.77 1-2; that such entry was allowed according to the plat of 1833, and that by a subsequent plat of August, 1850, the property was designated as Lot 1. There was no authority for the admission of this certificate in evidence if objected to. The court rejected as evidence Certificates from the General Land Office at Washington, D. C. as to a payment to the United States of $44.72 1-2 in June, 1850, for Lot 3 Sec. 7 T. 3 S. R. 26 East, containing 35.78 acres at $1.25 per acre, and as to a total payment on April 21, 1908, of $63.00, or $1.25 per acre for the 50.40 acres of land embraced in the patent as Lot 3, Sec. 7, T. 3 S. R. 26 East. These certificates do not show that the land embraced in the patent was fully paid for prior to the issuing of the patent in 1908.

It seems that $44.77 1-2 or $44.72 1-2 was paid in 1850

for land contained in the original Lot 3, and that when the patent was issued in 1908 for Lot 1 containing the acreage originally in Lot 3 and other lands, a balance of $18.23 or $18.28 was paid, making a total of $63.00 paid for the land covered by the patent. The complainant testified that she paid "eighteen dollars and something" "for the patent."

Evidence that money was paid by the defendants to J. E. Johnson was properly excluded, since no connection was shown between such payments and the land in controversy here. Likewise proffered testimony as to J. E. Johnson's relation to the land was rightly excluded as it was not shown that he represented the complainants in dealing with the defendants.

The defendants claim rights superior to the plaintiffs by occupancy and improvement of the lands with knowledge of the plaintiffs after final payment and for years before the action was brought. But it was not shown that the final payment for the land embraced in the patent was made before 1908 when the patent issued, nor was it shown that the plaintiffs knew of the occupancy and improvement of the land by the defendants under such circumstances as will estop the plaintiffs from claiming possession of the land under their legal title. The defendants claim by estoppel and not by adverse possession under color of title. There is no such definite showing of possession without color of title as to give title to the entire tract of land covered by the patent and apparently no effort was made to segregate any part of the tract even if it could be done in the absence of a showing that the final payment was made to the United States before the issuance of the patent, or before the defendants asserted

right began. By the plea of not guilty the defendants admitted possession or adverse claim of the entire tract. Sec. 1968 Gen. Stats.

As there was no error in excluding the proffered evidence and as the plaintiffs were entitled to recover on the whole record, there was no error in directing a verdict for the plaintiffs.

Judgment affirmed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., concur.