J. P. CAMPBELL, *Plaintiff in Error*, v. McLAURIN INVESTMENT COMPANY, *Defendant in Error*.

Opinion Filed December 13, 1917.

1. A valid lease of land for a term of years is a conveyance of an interest in the land.

2. Under Section 2645, Gen. Stats. of 1906, a corporation may "adopt and use a common seal and alter the same at pleasure," and under Section 2484, "a scrawl or scroll, printed or written, affixed as a seal to any written instrument shall

be as effectual as a seal," and where the execution clause of a written lease of land of a corporation states that the "lessor has caused these presents to be executed by M., its president," it is an adoption of the (seal) used by the president opposite his name in executing the lease, and under Section 2459 such lease is sufficiently executed without two subscribing witnesses.

3. When the lessee vacates the leased premises and notifies the lessor that he will not pay rent under the lease after a stated date, and the lessor succeeds in renting the property for a portion of the leased term at a lesser rental rate, the lessor may under the circumstances shown, recover from the lessee the differences between the rentals contracted for in the lease and the rents received from the tenants procured after the lessee vacated the premises.

4. Where no reversible errors of procedure are made to appear and on the entire evidence a verdict for the defendant could not legally be found, the court is under the statute authorized to direct a verdict for the plaintiff.

Writ of Error to Circuit Court for Duval County, Daniel A. Simmons, Judge.

Judgment affirmed.

*Marks, Marks & Holt,* for Plaintiff in Error;

*W. M. Bostwick, Jr.,* and *Maynard Ramsey,* for Defendant in Error.

WHITFIELD, J.—The declaration herein is as follows: "The Plaintiff, McLaurin Investment Company, a Florida Corporation by W. M. Bostwick Jr., its attorney, sues the defendant, J. P. Campbell, for that the plaintiff let to the defendant certain property, premises

and store room, in the City of Jacksonville, in the County of Duval and State of Florida, viz:

" 'That certain store situated in the McLaurin Building, said store being described as No. 218 East Bay Street in the City, County and State aforesaid, the said store consisting of three (3) floors in said building, being the first, second and third floors and having a frontage, East and West, of approximately forty (40) feet, and a depth from North to South of approximately two hundred (200) feet; said leased property being the main building without the "ell" adjacent thereto, between the main building and Market Street,' for three (3) years, to hold from the first day of January, 1912, for the sum of $12,600.00, payable in thirty-six (36) equal monthly installments in advance, to-wit, the sum of $350.00 per month, of which rent six months to-wit, July, August, September, October, November and December, 1914, are due and unpaid.

"And plaintiff claims $1,500.00 damages."

Pleas were filed as follows:

"1. That the alleged deed is not his deed.

"2. And for a second plea to the said Declaration, this defendant says that the plaintiff at the commencement of this suit was and still is indebted to the defendant in an amount equal to the plaintiff's claim, for that one Porter-Mallard Company offered to lease from the plaintiff the said premises in the said Declaration mentioned from the 1st day of July A. D. 1914, at the monthly rental of to-wit $275.00 per month, and the said Porter-Mallard Company was then and there ready and willing to take the said premises and pay therefor the rent aforesaid, but this plaintiff failed and refused to lease the same to the said Porter-Mallard Company,

and as a consequence thereof the said premises were not leased until, to-wit, the 1st day of August, A. D. 1914, to the damage of this defendant in the sum of, to-wit, $275.00, which amount the defendant is willing to set off against the plaintiff's claim.

"3. And for the third plea to the said Declaration, this defendant says that the alleged deed or lease, copy of which is attached to the plaintiff's Declaration, is of no force and effect against him, in that the same was not executed and delivered in accordance with the terms of the statute in such case made and provided."

The plaintiff joined issue on the three pleas "and for a second replication to the defendant's second plea to the plaintiff's declaration says: That it never was indebted as alleged." Verdict and judgment for $725.00 and interest were rendered for the plaintiff and the defendant took writ of error.

The instrument sued on was executed as follows:

"In witness whereof, the said lessor has caused these presents to be executed by J. H. McLaurin, its president, and the said lessee has executed these presents, the day and year first above written.
Witnesses:
  (Signed) Lake Jones
    as to J. H. McLaurin.
       (Signed) McLaurin Investment Company,
              By J. H. McLaurin        (Seal)
                   Its President.
       (Signed) J. P. Campbell        (Seal)
(Signed) Graham Wright
    as to Campbell."

Objections to the introduction of the lease in evidence were made on the following grounds:

"1st. The paper offered purports to be a lease con-

veying an interest in lands for a period of three years, and it does not appear that it has been executed and delivered in accordance with the terms of the statute in such case made and provided.

"*2nd.* The paper shows upon its face that it was executed in the presence of only one subscribing witness as to each of the parties thereto.

"*3rd.* The paper does not sufficiently appear to be a sealed instrument.

"*4th.* The paper does not appear to have been executed under the seal of the alleged lessor.

"*5th.* The final clause of the paper shows that it is not given under the seal of the alleged lessor."

The objections were overruled and the lease was admitted in evidence. Subsequently the court denied a motion to strike the lease.

A valid lease of land for a term of years is a conveyance of an interest in the land.

The statutes of the State contain the following provisions:

"No estate or interest of freehold, or for a term of years of more than two years, or any uncertain interest of, in or out of any messuages, lands, tenements or hereditaments shall be created, made, granted, transferred or released in any manner than by deed in writing, signed, sealed and delivered in the presence of at least two subscribing witnesses by the party creating. making, granting, conveying, transferring or releasing such estate, interest, or term of years, or by his agent thereunto lawfully authorized, unless by will and testament, or other testamentary appointment, duly made according to law; and no estate or interest, either of freehold, or of term of years of not more than two years,

or any uncertain interest of, in, to or out of any lands, tenements, messuages or hereditaments, shall be assigned or surrendered unless it be by deed, signed, sealed and delivered in the presence of at least two subscribing witnesses, by the party so assigning or surrendering, or by his agent thereto lawfully authorized, or by the act and operation of law." Sec. 2448 Gen. Stats. 1906. Florida Compiled Laws, 1914.

"Any corporation may convey lands by deed sealed with its common seal and signed in its name by the president or chief executive officer of the corporation." Sec. 2459 Gen. Stats., 1906, Florida Compiled Laws, 1914. Two witnesses not required. Norman v. Beekman, 58 Fla. 325.

"A scrawl or scroll, printed or written, affixed as a seal to any written instrument shall be as effectual as a seal." Sec. 2484 Gen. Stats., 1906, Florida Compiled Laws, 1914.

"Every corporation by virtue of its existence as such shall have power * * * to adopt and use a common seal and alter the same at pleasure". Sec. 2645 Gen. Stats., 1906, Florida Compiled Laws, 1914.

"Where two parties affix their names against one seal or scrawl it is a good sealing." Baars & Dowling v. Gordon & Stamp, 21 Fla. 25; Bacon v. Green, 36 Fla. 325, 18 South. Rep. 870.

The execution clause of the lease stating that "the said lessor has caused these presents to be executed by J. H. McLaurin, its president," is clearly an adoption of the seal used by the president in the execution of the instrument. Execution includes signing, sealing and delivery. See Einstein's Sons v. Shouse, 24 Fla. 490, 5 South. Rep. 380. As under Section 2645, a corporation

may "adopt and use a common seal and alter same at pleasure," and as under Section 2484 "a scrawl or scroll, printed or written, affixed as a seal to any written instrument shall be as effectual as a seal," the lease must be held to be a "deed sealed with the common or corporate seal," and sufficient under Section 2459 to convey a leasehold interest in the land of the corporation. See Langley v. Owens, 52 Fla. 302, 42 South. Rep. 457; Griffing Bros. Co. v. Winfield, 53 Fla. 589, 43 South. Rep. 687; Lay v. Austin, 25 Fla. 933, 7 South. Rep. 143.

The president of the lessor corporation who executed the lease was called as a witness for the lessee and testified:

"I have been an officer of the plaintiff corporation ever since its organization, and I know that it has never had one of the regular impression seals ordinarily used by corporations as a common or corporate seal. The seal used on this lease is the kind of seal always used by this corporation. As to whether at any meeting of the Stockholders or Directors of the corporation any emblem or other thing was adopted as the seal of the corporation, I do not know, I have no memory upon that subject whatever."

Though the scroll (seal) appears opposite the name of the president who signed the lease for and in the name of the corporation, the entire execution clause and the manner of the execution clearly show that the scroll was adopted by the corporation as its seal for the purpose and that the scroll (seal) was affixed as the seal of the corporation and not as the personal or private seal of the president of the corporation, the execution being in the name of the corporation and not of its president.

In Mitchell v. St. Andrew's Bay Land Co., 4 Fla. 200, the corporation did not authorize the execution of a

sealed instrument and did not by any apt words adopt the seals used in executing the instrument.

It appears by competent testimony that the lessee occupied the premises and paid rent till July 1st 1914, and then abandoned the lease and the premises before the expiration of the lease period. A letter written by the lessee to the lessor dated June 23rd, 1914, states: "This is to inform you that on July 1st, 1914, I will vacate the premises (describing them). I have paid rent up to the date mentioned, July 1st, 1914, and will pay no rent for use of the said premises after the said date." The lessor endeavored to get another tenant, as it was its legal duty to do so as to lessen the damages caused by a breach of the contract, and did succeed in renting the premises from August 1st, 1914, to the end of the lease period, December 31st, 1914, at $275.00 per month. The rental so received amounted to $1,375.00, which deducted from the $2,100.00 due from the lessor for six months at $350.00 per month leaves $725.00, which is the recovery plus the interest. There was no plea that the lease was terminated by the parties thereto.

The evidence does not show that the lease was terminated or abrogated by the parties before the lease period expired. There was no abuse of discretion in refusing to allow an additional plea to be filed during the trial setting up duress in the execution of the lease, no sufficient cause for the delay being shown. Plaintiff proved its case and the pleas of the defendant were not proven.

No reversible errors of procedure are made to appear, and as on the entire evidence a verdict for the defendant could not legally be found, the court was under the statute authorized to direct a verdict for the plaintiff. Sec. 1495 Gen. Stats. 1906, Compiled Laws 1914; McGill

.v. Dartist, 69 Fla. 587, 68 South. Rep. 755; Gordon v. Lowe, 64 Fla. 81, 59 South. Rep. 861; Investment Co. v. Trueman, 63 Fla. 184, 57 South. Rep. 663.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.