W. L. FLOWERS v. ATLANTIC COAST LINE RAILWAY Co.

192 So. 321
Division B
Opinion Filed November 28, 1939

806

*W. D. Bell,* for Plaintiff in Error;

*Henderson & Franklin* and *Parker Holt,* for Defendant in Error.

CHAPMAN, J.—The parties in this opinion will be referred to as plaintiff and defendant as they appeared in the lower court. On November 1, 1937, plaintiff filed his declaration in the Circuit Court of Charlotte County, Florida, against the defendant, in two counts. The first count alleged that the plaintiff was the owner of a packing house then situated on the property of the defendant; that the defendant agreed to permit or allow the packing house to remain upon its property and to further lease to the plaintiff the lands so occupied by it upon the usual customary terms, and in consideration thereof the plaintiff agreed to cancel a lease then held by the plaintiff upon other property of the defendant, and pursuant to the said agreement, the plaintiff cancelled his lease and requested the defendant to execute to him a lease on the premises occupied by the packing house, which the defendant refused to do, and forced the plaintiff to remove the packing house from defendant's

·premises, and in so doing plaintiff suffered heavy losses and damages.

The second count alleged that the plaintiff owned a packing house then standing on the lands of the defendant at Punta Gorda and attempted to secure from the defendant a lease of the lands upon which the packing house was situated, and that the defendant agreed to give the lease, provided the plaintiff would cancel a lease held by him on other property of the defendant, which plaintiff agreed to cancel, and did cancel pursuant to the agreement, but the defendant refused to give him a lease on the land for the packing house at Punta Gorda, and as a result plaintiff was forced to sell his packing house at a heavy loss.

The defendant demurred to counts one and two of the declaration, *supra,* on the grounds: (a) that said counts failed to state a cause of action (b) that counts failed to show a consideration of the proposed lease (c) the counts were indefinite and ambiguous, and the lease therein described was not in writing. The lower court sustained the demurrer and permitted or allowed the filing of an amended declaration.

The first count of the amended declaration alleged an oral agreement existed between the parties to lease certain lands and pursuant to such oral lease, plaintiff agreed in writing to cancel an outstanding written lease held by him on other lands of the defendant, and the written instrument was incorporated in and recited as a part of the first count. There was nothing in writing about the proposed lease from the defendant to the plaintiff on the lands situated at Punta Gorda.

The second count of the amended declaration alleged that the defendant owned land on which plaintiff's packing house stood at Punta Gorda and that plaintiff was a shipper over

the lines of the defendant; that the Charlotte County Packers were shippers of vegetables over the lines of the defendant and the two shippers were competitors; that the plaintiff desired to obtain a lease of the land upon which the aforesaid packing house stood so that he might continue his business as a packer and shipper of vegetables, but the defendant discriminated against him and in favor of the Charlotte County Packers and refused to carry out the oral agreement to lease the lands to the plaintiff, when plaintiff was forced to sell the building at a loss; and that the defendant assisted the Charlotte County Packers by discriminatory methods in forcing and compelling plaintiff to sell his building at a reduced price.

A demurrer on the part of the defendant was directed to the first and second counts of the amended declaration on the grounds, viz.: (a) that the counts state no cause of action; (b) that the counts seek to recover damages for the breech of agreement to lease lands for a period longer than one year; and that there was nothing in writing signed by the parties. The lower court sustained the demurrer, when plaintiff below refused to amend further, and a final judgment on demurrer was entered in the court below for the defendant. A writ of error was sued out and an appeal perfected, and the case is here for review.

We are in accord with the contention of counsel for the plaintiff that on a hearing on a demurrer to a pleading the demurrer admits as true all well-pleaded averments of allegations contained in the pleadings so challenged. See Martin v. Dade Muck Land Co., 95 Fla. 530, 116 So. 449. The allegation of the declaration admitted to be true is: "that the defendant agreed to make and deliver to the plaintiff a lease the tenure of which was to begin immediately and continue until terminated by thirty days written

notice from either party." It is not clear from this allegation the period of duration of the lease contemplated, but the same could be terminated on written notice on the part of either party. The allegation is defective in that it fails to show or make known how long the proposed lease would exist. In Campbell v. McLaurin Inv. Co., 74 Fla. 501, 77 So. 277, this Court held that a valid lease of land for a term of years is a conveyance of an interest in land. If the contemplated lease is an interest in the land it follows that the agreement of the parties should have been in writing, as contemplated by Section 5779, C. G. L.

It is contended that defendant by its agreement and trade with the competitors of the plaintiff discriminated against him. It cannot be overlooked that the title to the land on which the packing house stood was in the defendant and the power to grant or withhold a lease was with the defendant. See State ex rel. Postal Telegraph Cable Co. v. Wells, 96 Fla. 591, 118 So. 781, 60 A. L. R. 1072; Schwartzman v. Wilmington Stores Co., (Del.) 123 Atl. 343; Tillman v. Fuller, 13 Mich. 113.

Careful consideration has been given to briefs and authorities cited by counsel for the respective parties, oral argument has been heard at the bar of this Court, and we are of the opinion that no error has been made to appear in the record.

The judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.