HOBSON, Justice.
Appellant entered an agreement for deed with Thomas Mays, who is now deceased. The agreement for deed provided, inter alia, that the appellant agreed to sell and convey to Thomas Mays certain described property in Sarasota County on stated terms. After the death of Thomas Mays appellees, his surviving' spouse and heirs, brought suit upon the agreement for deed for specific performance. Testimony was taken before the chancellor, who ruled for the plaintiffs. From the final decree so entered this appeal is taken.
Appellant contended below, and sought to prove, that by subsequent parol agreement between the appellant and the decedent, Thomas Mays, a portion of the property described in the agreement for deed, known as Lot 31, was released from the agreement in consideration of a credit given Thomas Mays on the balance of the purchase price. All points sought to be raised here are predicated upon this contention. Appellees, however, point out that the record contains absolutely rio showing that Thomas Mays or any agent of his signed any instrument transferring or releasing this interest in the land. It therefore appears that the alleged transfer is squarely within the statute of frauds, F.S. Sec. 725.01, F.S.A. On this record, therefore, such attempted transfer, if any there was, was ineffective to divest Thomas Mays of his interest in Lot 31.
We conclude that no abuse of the chancellor’s discretion has been shown, and the final decree appealed from must be, and it is hereby, affirmed.
TERRELL, C. J., and DREW and O’CONNELL, JJ., concur.