SHANNON, Chief Judge.
The appeal in this case raises the question whether or not a lease for a three-year term executed by a married woman on her separate real property is binding on the lessee without the joinder of her husband in the lease. The trial court held that it was not.
On May 28, 1959, Josie E. Frazier, as lessor, executed a lease for three years to W. H. Hart, as lessee. Hart paid the first year’s rent, after which he gave up possession of the real estate. In this action at law by the lessor to recover the balance of the rent due under the lease, Hart defended on the ground that the lessor was a married woman; that her husband had not joined in the lease; and that, therefore, it is unenforceable. The trial court entered a summary judgment for the defendant upon proof of that fact.
Regardless of what other states may have held, we are bound in Florida by the decisions of our supreme court, as well as by statutes. In Sec. 708.08, Fla.Stat., F.S.A., it is provided:
“Every married woman is hereby empowered to take charge of, and manage and control her separate property, to contract and to be contracted with, to sue and be sued, and to sell, convey, transfer, mortgage, use and pledge her property, real and personal, and to make, execute and deliver instruments and documents of every character, without restraint, without the joinder or consent of her husband, in all respects as fully as if she were unmarried. Every married woman, without the joinder or consent of her husband, shall have and may exercise all rights and powers with respect to her separate property, income and earnings, and may enter into, obligate herself to perform, and enforce contracts or undertakings to the same extent and in like manner as if she were unmarried; provided, hozv-ever, that no deed, mortgage or other instrument conveying or enambering real property ozvned by a married woman shall be valid without the joinder of her husband; provided, further, that any claim or judgment against any married woman shall not be a claim or lien against such married woman’s inchoate right of dower in her husband’s separate property.” (Emphasis added.)
The portion of the Statute of Frauds with which we are concerned here is contained in Sec. 689.01, Fla.Stat., F.S.A., as follows:
“No estate or interest of freehold, or for a term of more than one year, or any uncertain interest of, in or out of any messuages, lands, tenements or hereditaments shall be created, made, granted, transferred or released in any other manner than by instrument in *612 writing, signed in the presence of two subscribing witnesses by the party creating, making, granting, conveying, transferring or releasing such estate, interest, or term of more than one year, or by his agent thereunto lawfully authorized, unless by will and testament, or other testamentary appointment, duly made according to law; * * *
It is the appellee’s contention, with which the trial judge agreed, that the husband of the lessor must have signed the lease in order to render it effectual because it was a conveyance of an interest in lands or an encumbrance thereon. In Campbell v. McLaurin Investment Co., 1917, 74 Fla. 501, 77 So. 277, our supreme court in discussing a lease for three years stated: “A valid lease of land for a term of years is a conveyance of an interest in the land.”
 In the subsequent case of Flowers v. Atlantic Coast Line Ry. Co., 1939, 140 Fla. 805, 192 So. 321, our supreme court cited the Campbell case, supra, and stated:
“ * * * The allegation of the declaration admitted to be true is: ‘that the defendant agreed to make and deliver to the plaintiff a lease the tenure of which was to begin immediately and continue until terminated by thirty days’ written notice from either party.’ It is not clear from this allegation the period of duration of the lease contemplated, but the same could be terminated on written notice on the part of either party. The allegation is defective in that it fails to show or make known how long the proposed lease would exist. In Campbell v. McLaurin Inv. Co., 74 Fla. 501, 77 So. 277, this Court held that a valid lease of land for a term of years is a conveyance of an interest in land. If the contemplated lease is an interest in the land, it follows that the agreement of the parties should have been in writing, as contemplated by Section 5779, C.G.L.”
It is clear, therefore, that the three-year 1^ e executed in the instant case was a conveyance of an interest in land under the language of Sec. 689.01, Fla.Stat., F.S.A., supra, and the cases cited above. Being such, it was required to be in writing in order to be enforceable. This requirement was met in the lease herein, but it was not signed by the husband. The emphasized proviso in Sec. 708.08, Fla.Stat., F.S.A., set out supra, requires, as a prerequisite to the validity of an instrument such as this, that the husband execute the instrument. Miller v. Phillips, 1946, 157 Fla. 175, 25 So.2d 194.
Finding no error in the judgment appealed, the same is hereby affirmed.
Affirmed.
ALLEN and SMITH, JJ., concur.