SHANNON, Judge
(dissenting).
I regret that I must dissent from the majority herein.
The appellant, Bolton McBryde, filed his complaint in the lower court to foreclose a chattel mortgage. He named as defendants therein S. S. Lowe, Jr., and wife; J. E. *897 Lowe and wife; J. E. Price and wife; the Barnett National Bank of Jacksonville; and the Great Atlantic & Pacific Tea Co., Inc. The facts surrounding this action are quite involved, though the ultimate issue in the case, as this writer construes it, is clear.
Prior to March, 1961, one Carmen E. DeLoach, being the owner of the property involved herein, verbally agreed to sell the land to J. E. Lowe. On March 7, 1961, J. E. Lowe and wife, and S. S. Lowe, Jr., and wife, entered into a lease agreement with the Great Atlantic & Pacific Tea Co., for a term of ten years. This agreement covered the land which J. E. Lowe had agreed to purchase from Carmen DeLoach, and was recorded on May 10, 1961. Subsequent to the execution and recording of the lease the Lowes became indebted to Bolton McBryde, the appellant herein, and executed to him a promissory note. As security for the payment of the note they executed to McBryde an assignment of an undivided one-half interest in the A & P lease referred to above. The assignment provided for a reassignment of the interest in the lease upon payment of the obligation. This assignment, which all agree is essentially a chattel mortgage, is the instrument that is sought to be foreclosed, although it was not recorded until January 17, 1962. In the interim, between the execution and the recording of the McBryde assignment, or chattel mortgage, the Lowes executed two other assignments. On June 5, 1961, they assigned an undivided one-half Interest in the lease to J. E. Price and wife in order to raise money for the purchase of the property from Mrs. DeLoach. After the execution of the June S assignment to Price, the Lowes reduced to writing their purchase agreement with Mrs. DeLoach and paid her a deposit. Thereafter, being unable to raise moneys for the construction of a building on this property, the Lowes made an agreement in order to obtain further sums from Price. This agreement, executed on October 27, 1961, is the instrument about which the answer to this suit revolves. The instrument itself purports to assign from the Lowes to Price : (a) all of their right, title, claim or interest in and to the contract between the Lowes and Carmen DeLoach for the purchase of the involved property, including all right to partial payments theretofore made to the said Carmen DeLoach on said purchase; and (b) all of their right, title, claim or interest in and to the lease between the Great Atlantic & Pacific Tea Co., Inc., and the Lowes. This agreement, referred to hereinafter as the October 27 assignment, was not witnessed or acknowledged and was not recorded. On October 31, 1961, Price paid to Carmen DeLoach the balance of the purchase price and took a conveyance of the fee title'to the property, which deed was recorded. Then, on January 17, 1962, Bolton McBryde recorded his assignment of lease or chattel mortgage. There are several other instruments, but for the purpose of this opinion they are unimportant.
At the conclusion of the testimony below, the chancellor found in favor of the plaintiff, McBryde, and held that he was the owner of a valid chattel mortgage upon an undivided one-half interest in and to the lease under which the Great Atlantic & Pacific Tea Co., Inc., was lessee. However, upon a petition for rehearing the chancellor held that appellant’s chattel mortgage was ineffectual and void as to the title of J. E. Price, and in this decree stated that said petition for rehearing was being granted on the second ground thereof. The second ground of the petition for rehearing states as follows:
“The Court failed to consider the Florida Supreme Court case of ZIMMERMAN v. DIEDRICH, 97 So.2d 120, holding that a contract to sell land is not required to be witnessed except in the case of married woman’s separate property, dower and homestead, and that this property was none of these.”
As is apparent, the rights of the appellant are dependent upon the validity or in *898 validity of the assignment dated October 27, 1961. Appellant’s chattel mortgage was executed on June 22, 1961, but was not recorded at that time. Therefore, the October 27 assignment, if valid, cuts off the rights of the chattel mortgage holder, i. e., the appellant. The appellant has stated the ultimate question as succinctly as possible : “Is an assignment of the lessor’s interest in a lease required to be witnessed under the provisions of F.S. 689.01 [F.S. A.], which governs the transfer of interests in real property ?”
The chancellor, having ruled in favor of the appellant in the first instance, reversed his ruling on the ground of Zimmerman v. Diedrich, Fla.1957, 97 So.2d 120. Suffice it to say that this writer disagrees with the chancellor as to the applicability of that case. The court in that case was concerned with a contract for sale, and held that such a contract need not meet the requisites of Sec. 689.01, Fla.Stat., F.S.A., except in certain instances involving married women’s rights. As will be seen, there was more than a contract for sale involved herein.
It is the appellant’s contention that the original decree entered by the chancellor was correct, and that the chancellor improperly failed to apply Sec. 689.01, Fla. Stat., F.S.A., in his order on the petition for rehearing. Sec. 689.01, Fla.Stat., F.S. A., provides as follows:
“No estate or interest of freehold, or for a term of more than one year, or any uncertain interest of, in or out of any messuages, lands, tenements or hereditaments shall be created, made, granted, transferred or released in any other manner than by instrument in writing, signed in the presence of two subscribing witnesses by the party creating, making, granting, conveying, transferring or releasing such estate, interest, or term of more than one year, or by his agent thereunto lawfully authorized, unless by will and testament, or other testamentary appointment, duly made according to law; and no estate or interest, either of freehold, or of term of more than one year, or any uncertain interest of, in, to or out of any messuages, lands, tenements or hereditaments, shall be assigned or surrendered unless it be by instrument signed in the presence of two subscribing witnesses * *
The appellant states in his brief that the chancellor misconceived the nature of the assignment of October 27, 1961, believing that he was dealing with a mere assignment of a contract for sale or with a simple assignment of rents alone, i. e., a chose in action. Admittedly, if such were the case, the assignment would not have to comply with Sec. 689.01, and it would be a valid conveyance cutting off appellant’s rights. Appellant, however, maintains that the lessor’s assignment of all of his right, title and interest in the land and in the lease for a term of more than one year was such a conveyance as to be within the purview of the statute; and since the conveyance was not properly witnessed as required by the statute, said conveyance was ineffectual as to appellant’s rights. This, then, is the sole issue in the case.
The lessor herein did have certain interests in the land. A contract for deed does not come within the purview of the subject statute, yet it nevertheless vests certain interests in the purchaser. Just what these interests are can best be seen from 33 Fla.Jur., Vendor and Purchaser:
“Sec. 101. Under ordinary common-law principles, the doctrine of equitable conversion becomes operative on the execution of an agreement to convey title to realty. The vendee immediately becomes the beneficial owner, and the vendor retains only naked legal title as security for. payment of the purchase price. The vendor’s interest is transformed into a personal property right or chose in action, and the interest of the vendee is regarded as realty.
* * * * * *
*899 “Sec. 103. In equity, where the relation of vendor and vendee has been established under a contract to convey the legal title to property on payment of the purchase price, the vendee is regarded as the beneficial or equitable owner of an equitable interest, which he has the right to mortgage. He is regarded as the beneficial owner whether or not he has paid the purchase price. From the time a valid agreement for the purchase of land is entered into, the vendee becomes the trustee of the purchase money for the vendor.”
Having this interest in the property, the lessor entered into the subject lease with A & P. This lease, being for a term of more than one year, comes within the purview of Sec. 689.01. An opinion of the Attorney General of Florida, dated December 20, 1943, No. 043-335, states that generally a lease of real estate, other than timber, etc., is deemed personal property, and the statutes providing for the manner of conveying real estate do not render a “leasehold” real estate; but the opinion goes on to state:
“However, this is not the rule in Florida. Sec. 689.01, Florida Statutes 1941 (5662 C.G.L.1927; Section 5, Chapter 20954, Laws of Florida, 1941), an act providing how real estate in Florida shall be conveyed, has the effect of rendering a lease for years subject to such act, a 'conveyance of an interest in land.’ (Campbell vs. McLaurin Investment Company, [74 Fla. 501] 77 So. 277, followed by Flowers vs. Atlantic Coast Line Ry. Co, [140 Fla. 805] 192 So. 321).”
And in Frazier v. Hart, Fla.App.1962, 140 So.2d 610, the court said:
“ * * * In Campbell v. McLaurin Investment Co, 1917, 74 Fla. 501, 77 So. 277, our supreme court in discussing a lease for three years stated: ‘A valid lease of land for a term of years is a conveyance of an interest in the land.’ ”
It is clear, then, that the lessor herein had, through his contract for deed, an equitable interest in the land itself. He then gave a lease on this equitable interest, retaining a reversion in the equitable fee. It is equally clear that this equitable fee is in fact an interest in land. See Van Dame Estates v. Mays, Fla.1957, 92 So.2d 816. Admittedly, this interest in the fee does not come within the provisions of Sec. 689.01, as it arose simply from a contract for deed, not a deed itself. Nevertheless, the courts do recognize this interest as an interest in land for the purposes of the statute of frauds as set out in Sec. 725.01, Fla.Stat, F.S.A. After recognizing these interests that the lessor had in the land, to wit, the equitable interest in the fee pursuant to the agreement for deed, and the reversion due to the lease, the question remains: Was the assignment of this interest to Price an assignment of an “ * * * estate or interest, either of freehold, or of term of more than one year, or any uncertain interest of, in, to or out of any messuages, land, tenements or hereditaments * * ” ?
It is clear that a lessor has, in effect, two interests in a land lease. He has the reversion, and he has the right to accruing rents. In the instant case the appellant more or less waives any theory as to the lessor’s reversionary right and simply states that the interest in the lease itself which was assigned was sufficient interest to bring the assignment within Sec. 689.01.
In 52 C.J.S. Landlord and Tenant § 518, it is stated that: “The legal title to rents to accrue passes by the lessor’s assignment of the lease or the rents, and the assignee has the right to institute all proper proceedings for enforcing payment thereon.” And in § 462b the following statement is made:
“Rent, or more accurately, the right to unaccrued rent, is a species of incorporeal hereditament, and is to be classed as real, as distinguished from personal, property. It is an interest or estate in land which may be the subj ect óf a grant or devise. Until separated *900 from the reversion, it constitutes a part of the land and passes as incident to a transfer of the reversion.”
After a study of appellant’s brief, together with extensive independent research, it is noted that a number of jurisdictions are in accord with the above statement. It is also noted that no decisions to the contrary have been found on this exact point.
The Supreme Court of Illinois, in Lipschultz v. Robertson, 1950, 407 Ill. 470, 95 N.E.2d 357, said, in part:
“When the appellees [the lessors] conveyed tire property to the city of Chicago by their warranty deed of September 30, 1948, reserving nothing to themselves, they conveyed the lease and the right to receive unaccrued rentals. In People ex rel. Hargrave v. Phillips, 394 Ill. 119, 67 N.E.2d 281, 283, we quoted with approval the language in State v. Royal Mineral Ass’n, 132 Minn. 232, 156 N.W. 128, as follows : ‘Unaccrued rents are not personal property. They are incorporeal hereditaments. ' They are an incident to the reversion and follow the land.
In Bellows v. Ziv, 1962, 38 Ill.App.2d 342, 187 N.E.2d 265, the court cited the above quotation from Lipschultz v. Robertson, supra, and held that pursuant to their statute the grantee of title to real estate is placed in the shoes of the grantor in reference to rents. And the court in Central Pipe Line Co. v. Hutson, 1948, 401 Ill. 447, 82 N.E.2d 624, held that unaccrued rent is part of the land and is an incorporeal here-ditament which follows the land and passes with a devise or sale thereof.
The court in First & Citizens Nat. Bank v. Sawyer, 1940, 218 N.C. 142, 10 S.E.2d 656, was concerned with the assignment of the interest of a life tenant. The following statement is noted:
“ * * * It will be observed that the assignment is of rents accruing, as distinguished from rents accrued. While rents accrued are choses in action, the assignment of which does not come within the purview of the statute requiring registration; rents accruing are incorporeal hereditaments, Schmid v. Baum’s Home of Flowers, 162 Tenn. 439, 37 S.W.2d 105, 75 A.L.R. 261, Winnisimmet Trust, Inc. v. Libby, 232 Mass. 491, 122 N.E. 575, interest in lands, the assignment of which comes clearly within the provision of the statute, and is in truth a quasi lease, and since for a period of more than three years, is governed by C.S. § 3309, and is required to be registered to pass any property as against purchasers for valuable consideration. That rents accruing are incorporeal hereditaments and are incident to and connected with an estate in land, has been repeatedly held by this Court. (Citations)”
In the case of Taylor v. King Cole Theatres, 1944, 183 Va. 117, 31 S.E.2d 260, the court treats the transactions therein as those concerning interests in land, though the particular question raised herein was not actually raised in that case. Also, it is with no little interest that this writer notes-a case cited by appellant, to-wit, Schmid v. Baum’s Home of Flowers, 1931, 162 Tenn. 439, 37 S.W.2d 105, 75 A.L.R. 261. This case, together with the accompanying annotation, is particularly appropriate to the instant case.
From the cases that have been cited, it is concluded that the assignment of October 27, 1961, was an assignment of an “ * * * estate or interest, either of freehold or of a term of more than one year, or any uncertain interest of, in, to or out of any messuages, land, tenements or heredita-ments * * Being such, it failed to comply with the witnessing provision of Sec. 689.01, Fla.Stat, F.S.A. Therefore, said assignment was ineffectual to cut off appellant’s rights under his chattel mortgage. For these reasons, I would reverse-the decree of the chancellor granting the petition for rehearing and remand the cause for reinstatement of the original decree of foreclosure, dated March 11, 1963.