REED, Judge.
This is an appeal by Myrtle Epstein, one of the defendants below, from a final judgment providing for the foreclosure of a mortgage on real property in Palm Beach County, Florida. The mortgagee, Deerfield Beach Bank and Trust Company, was the plaintiff below and the appellee here.
The action was commenced on 23 July 1970 when the plaintiff filed a suit to foreclose a mortgage on lots 13, 24 and 25 Lake Wyman Shores, as shown on the plat thereof recorded in plat book 24 page 220, Public Records of Palm Beach County, Florida. The complaint alleged that the mortgage was executed on 1 April 1968 by W. Brandon Whittington and Diane Whittington, his wife, and was recorded on 16 May 1967 in the Public Records of Palm Beach County, Florida. The complaint alleged that the Whittingtons were the owners of the property at the time the mortgage was executed and recorded. The complaint also alleges that at the time of the commencement of the action, the property was owned by the Whittingtons and Harline, Inc. of Boca Raton, a Florida corporation. The corporation and the Whittingtons were made parties defendant along with Myrtle Epstein, the appellant. The complaint alleged that Myrtle Epstein had an interest in the property under a warranty deed recorded in January 1969, but the deed, according to the complaint, was defective and inferior to the mortgage.
Epstein denied the essentials of the complaint and alleged “by way of cross bill of complaint” that she owned the prop *691 erty in question having acquired title to the same by a deed from Harline Corporation recorded on 6 January 1967. The relief demanded by defendant Epstein’s “cross bill” was a cancellation of the plaintiff’s mortgage as well as a declaration that the interest of the other defendants in the property was invalid. In the demand for relief, the “cross bill” contains the additional factual averment that the defendant Har-line Inc. of Boca Raton is also known as Harline Corporation. Epstein’s pleading, we assume, was intended to be a counterclaim against the plaintiff and a cross-claim against the co-defendants. The Bank filed an answer to the cross-claim (late and without leave of court) which generally denied the defendant’s averments. Epstein’s co-defendants filed no answer, and defaults were eventually entered against them.
After evidentiary hearing, the trial court entered final judgment providing for the foreclosure of the mortgage and the consequent extinction of Epstein’s claim of title. We hold that this was error because the record is void of any evidence that the mortgagors, at the time of the execution of the mortgage or any time thereafter had any interest in the property upon which they attemped to impose a mortgage lien. Obviously the mortgagors’ ownership of an interest in the property which could be subjected to a lien was an essential fact the plaintiff-mortgagee was required to prove as a part of its case, after the plaintiff’s allegation of such fact was denied by the defendant Epstein’s answer.
The appellant also contends that the trial court should have declared appellant to be the owner of the property by virtue of its deed from “Harline Corporation”. The ap-pellee-Bank counters with the argument that the deed to the appellant was defective because it was neither signed in the presence of two witnesses nor did it have affixed the corporate seal. Hence, according to the Bank, the deed did not satisfy the formal requirements of either § 689.01 or § 692.01, F.S.1967, F.S.A. The latter statute at the time the deed was executed and recorded provided:
“Any corporation may convey lands by deed sealed with the common or corporate seal and signed in its name by its president or any vice-president or chief executive officer.”
The deed in question bears the signature of Harry S. Jacobs as president of the grantor corporation. To the left of his signature the words “Corporate Seal” appear in parentheses below which is a line for the signature of the corporation’s secretary. It appears to' us that under the provisions of § 695.07, F.S.1967, F.S.A., the words “Corporate Seal” printed on the deed were sufficient to' fulfill the requirement of a seal imposed by § 692.01, F.S. 1967, F.S.A. See Campbell v. McLaurin Inv. Co., 74 Fla. 501, 77 So. 277, 1917. We, therefore, hold that the deed met the statutory requirements for validity as between the parties thereto.
However, the appellant’s proof is lacking in an essential element in much the same manner as is the Bank’s proof. Appellant never proved by competent evidence that at the time she received the deed from Harline Corporation, it owned the property in question, or at that time the property in question was owned by Harline Inc. of Boca Raton and that “Harline Corporation” was simply a misnomer for Harline Inc. of Boca Raton which was in actuality the true grantor. If, on remand, competent substantial evidence of these facts is provided by Epstein, she would be entitled to the relief sought against the Bank for the reason that the Bank had actual knowledge, before it acquired the mortgage, of Epstein’s prior claim of title—as shown by the testimony of the Bank’s own officers. See Carolina Portland Cement Co. v. Roper, et al., 68 Fla. 299, 67 So. 115, 1914.
For the foregoing reasons, the final judgment is reversed and the cause is remanded for a new trial.
Reversed and remanded.
O.WEN, C. J., and CROSS, J., concur.