W. K. WILCOXON v. R. H. DONELLY, Adm'r, and others.

*Rents—Distributee's liabilities to refund overdrawn share of estate.*

1. Rents are incident to the reversion, and when the estate is transferred go to the bargainee, unless they are overdue or are secured by note.
2. Where a distributee of an estate has received more than was due him, the amount does not constitute a charge upon his share of the land, and its repayment can only be enforced as a personal obligation.

(*Mixon* v. *Coffield*, 2 Ired., 301, approved).

CIVIL ACTION tried at Spring Term, 1883, of ASHE Superior Court, before *Gudger*, J.

The defendant administrator appealed.

*Messrs. Q. F. Neal* and *J. W. Todd*, for plaintiff.
*Mr. D. M. Furches*, for defendants.

SMITH, C. J.  The case comes up from a decree making a final disposition of the controversy in a cause which originated in the year 1860, in the court of equity of Ashe county, for the settlement of the estate of Matthias Poe, and its apportionment among his heirs-at-law—of whom there were two sons and three daughters, one of whom had made an assignment of her share

to one E. L. Dugger—and was prosecuted until spring term, 1883, of the superior court, its successor.

At fall term, 1875, under an order of reference before made, the commissioners, J. W. Todd and Q. F. Neal, made a report in which they state:

1. That the rights of the heirs and children of Sally Bowers, a deceased daughter, and of Isaac Little and wife, Elizabeth, another daughter, have been settled.

2. That Isaac Ingram and wife, Esther and Ransom Poe, another daughter and son, have assigned their share in the lands embraced in the reference to the intestate E. L. Dugger, and that the latter has conveyed the interest vested in him in the home and Harper tracts to William Wilcoxon and thereby transferred to him the rents and profits incident thereto.

3. That John Poe, another son, had conveyed his share to one Allen Perkins, and the latter again to said Wilcoxon.

The commissioners then state an account distributing the proceeds arising from the sale of the tracts, parcel of the intestate's lands, made by order of the court, and ascertaining the relations of the several tenants towards the fund, inclusive of rents for which they are chargeable.

In this account, John Poe seems to have overdrawn, and is found indebted to the fund in a large sum.

To this report two exceptions are filed by the administrator, Donelly, in substance these:

1. For error in allowing to said Wilcoxon the charges for rents of the lands conveyed to him; and

2. In not making the indebtedness of John Poe, an insolvent non-resident, a lien attaching to his share of the fund, and declaring it to be a personal liability only.

To ascertain the facts implied in these exceptions, another reference was made to the same commissioners, to ascertain and report:

1. When Allen Perkins went into possession and how long he remained in possession.

2. How long Wilcoxon held possession and when it commenced.

3. Whether the rents and profits accruing passed to Wilcoxon by Dugger's deed to him; and to report,

4. The evidence taken upon these inquiries.

At spring term, 1880, in response, the commissioners report that Perkins entered into possession on January 1st, 1860, and Wilcoxon entered upon the tract covered by the widow's dower about December, 1869.

The exceptions were therefore overruled, the report confirmed and the court proceeded as follows:

It further appearing to the court that the whole matter has been settled, except certain costs in certain orders heretofore made, it is ordered and adjudged that when the commissioner, W. H. Gentry (appointed in place of the deceased commissioner who had sold the land), shall have paid off the balance of the costs due, then to make title to the purchasers or their assigns of the land sold by his predecessor, G. H. Hamilton, and that the said W. H. Gentry be allowed for his services the sum of ten dollars, and the further sum of $3.50 for each deed executed by him.

From this judgment and preceding overrulings of his exceptions, the said Donelly appeals.

We have no hesitancy in expressing our assent to the action of the court in regard to both exceptions.

Rents accruing under a contract of lease are incident to and connected with the estate in reversion, and, when the estate is transferred, follow the assignment to the bargainee, unless they are at the time overdue or are secured by bond or note, which breaks the connection and separates the obligation from the estate. So it was held in *Mixon* v. *Coffield*, 2 Ired., 301—where a guardian rented out the ward's lands for a year, taking no note, bond or covenant for payment, and the ward arriving at age in July, conveyed the land to the tenant—that the rent was extinguished by merger in the reversion, and could not, nor any part of it, be recovered.

But there is here no contract of rent, but a mere estimate of the value and use of land, as if rent, during its occupation. We are utterly unable to find any reason in support of the claim of the *bargainor* (whose administrator is the appellant) to charge his bargainee for the use or rent of that which belongs to the latter under the deed of the former.

Nor do we find any error in the character given to the indebtedness by the tenant by reason of his receiving more than his share of the fund. It has no resemblance to an assessment charged upon a more valuable in favor of a less valuable dividend for equality in the partition of lands held by tenants in common. This money-charge is a part of the share of inferior value. Here, the party is liable because he has received too much and may be required to refund, but it must be enforced as a personal obligation. Indeed, it arises out of the nature of the use of the "home and Harper tracts," for a series of years, which constitute three-fourths of what he is charged with as received, and nearly double the excess that he owes.

There is no error, and this closes a controversy which has been protracted for nearly a quarter of a century. *Finis sit litium.* The judgment is affirmed.

No error.                                            Affirmed.