WINNISIMMET TRUST, INCORPORATED, v. FRED M. LIBBY, JR.,
& another.

Suffolk.    January 7, 1919. — March 27, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Assignment. Landlord and Tenant*, Assignment of rent, Conveyance of rever-
sion. *Deed*, Recording.

An assignment under seal by the owner of real estate of rent to become due under
the provisions of a lease of the premises for a term of less than seven years, is
effectual, after notice to the lessee, against one who, without notice of the assign-
ment and before notice was given to the lessee, purchased and received convey-
ance of the premises from the owner.

CONTRACT for rent alleged to be due to the plaintiff upon
December 2, 1916, and January 2 and February 2, 1917, as assignee
of the rent from the lessor of premises known as the "Dream
Theatre" in that part of Saugus known as Cliftondale, of which
the defendants were lessees.    Writ in the Municipal Court of the
City of Boston dated February 10, 1917.

At the trial in the Municipal Court it appeared that on March
2, 1916, the original owner of the premises, James S. Duval, let
the premises by an instrument in writing to the defendants for the
term of three years; that on April 27, 1916, Duval executed and
delivered to the plaintiff an assignment under seal of rents to fall
due under the lease (excepting the rent for the last three months)
as security for a debt; that on October 16, 1916, Duval conveyed
the premises by quitclaim deed to one George W. Green; that
this deed was recorded on October 17, 1916; that Duval did not
notify the defendants or Green of the assignment to the plaintiff;
that on November 1, 1916, Green, and on November 2, 1916, Du-
val, by notices in writing directed the defendants to pay rent to
Green, the purchaser; that on November 28, 1916, for the first
time, the plaintiff notified the defendants of its assignment and
requested payment of rents described therein to it, and that the
defendants paid to Green the rent falling due on November 2
and December 2, 1916, and January 2, 1917.

By various requests for rulings which were refused by the judge, the defendants raised the question stated in the opinion. The judge found for the plaintiff in the sum of $153.75 and, at the request of the defendants, reported the case to the Appellate Division. The report was dismissed, and the defendants appealed.

*T. Eaton,* for the defendants.

*C. A. Warren,* for the plaintiff.

PIERCE, J. This is an action of contract brought to recover certain rents reserved under a written lease given by the plaintiff's assignor to the defendants. The defendants' requests for rulings raise the question whether an assignment under seal, of rent to become due under a written lease for a term less than seven years after notice to the lessee, is effectual as against a subsequent purchaser of the lessor's reversion without notice of the prior assignment.

When rent is reserved, it is incident, though not inseparably so, to the reversion. Co. Lit. 143 a, 151 b. The rent may be granted away reserving the reversion; and the reversion may be granted away reserving the rent by special words. By a general grant of the reversion the rent will pass with it as an incident to it; but by a general grant of the rent the reversion will not pass. *Demarest* v. *Willard,* 8 Cowen, 206. *Burden* v. *Thayer,* 3 Met. 76. *Beal* v. *Boston Car Spring Co.* 125 Mass. 157.

Rent, that is the right to recover future instalments of rent as they become due under the lessee's covenant to pay rent in the future, is not a chose in action, but is an incorporeal interest in land which can be assigned only by an instrument under seal. When assigned, the assignee holds the interest in his own right and may sue for it in his own name. *Patten* v. *Deshon,* 1 Gray, 325, 327. *Bridgham* v. *Tileston,* 5 Allen, 371.

In this Commonwealth a lease for less than seven years from the making thereof is valid against *bona fide* purchasers without actual notice. R. L. c. 127, § 4. *Toupin* v. *Peabody,* 162 Mass. 473, 477. A like exemption from the operation of the recording acts necessarily attaches to that incorporeal interest in real estate denominated rent when severed from the reversion to which it is an incident. A similar rule is applied to existing unrecorded easements. *Shaughnessey* v. *Leary,* 162 Mass. 108, 112.

The request of the defendants for a ruling that "A deed of the

leased premises, accompanied by a written direction from the lessor to the lessees to make the payments due under the lease to the new owner, gives the new owner rights which are superior to an assignee of the rents where no notice of the assignment is given, either to the lessee or to the grantee of the premises until after the deed of the premises has been delivered," could not have been given, because the lessor was not the owner of the rent when he directed the lessee to make payment of the rents to the purchaser of the reversion, and because a man cannot grant nor charge that which he has not. *Jones* v. *Richardson,* 10 Met. 481. *Moody* v. *Wright,* 13 Met. 17. *Codman* v. *Freeman,* 3 Cush. 306. The assignment of rent is governed by the rule of *caveat emptor. Stone* v. *Patterson,* 19 Pick. 476. *Taylor* v. *Kennedy,* 228 Mass. 390, relied on by the defendants, does not support their contention, because in that case the plaintiffs claimed to recover in their own name the rent "under a contemporaneous parol agreement . . . that the plaintiffs should collect the rent for the remainder of the term and pay it to the grantee." It is plain that that action could not be maintained by the plaintiff as assignee of the rent or under an equitable assignment of the right to collect rent. *Bridgham* v. *Tileston, supra.*

It follows that the order of the Municipal Court, "Report dismissed," is affirmed.

*So ordered.*