RICHARD C. LINCOLN *vs.* GEORGE H. SAUER.

Norfolk.    October 26, 1922. — November 29, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Agency,* Scope of employment. *Attorney at Law. Landlord and Tenant,* Lease for more than seven years. *Notice.*

Knowledge by an attorney, who represents a purchaser of real estate in negotiations preliminary to the sale and at the passing of the final papers and who also examined the title to the real estate, of the fact that the grantor, previous to the sale, had executed and delivered a lease in writing of the premises for ten years, which was unacknowledged and unrecorded, and also that the lessee by subletting a portion of the premises without the consent of the lessor in writing had committed a breach of the lease which the lessor had waived, binds his client, who thus is fixed with notice of the lease and of the waiver of its breach and has no right, after a conveyance of the premises to him by a deed which contained no reference to the lease, to interfere with the lessee's possession and enjoyment of the premises.

BILL IN EQUITY, filed in the Superior Court on June 28, 1921, by a lessee under an unacknowledged and unrecorded lease in

writing of real estate for ten years against a grantee of the lessor to enjoin interference with the plaintiff's possession and enjoyment of the premises.

In the Superior Court, the suit was heard by *Sisk*, J., a commissioner having been appointed under Equity Rule 35 to take the evidence. Material evidence and findings by the judge are described in the opinion. By order of the judge a final decree was entered as prayed for by the plaintiff. The defendant appealed.

*W. S. McCallum*, for the defendant, submitted a brief.

The plaintiff submitted no brief and did not care to be heard.

BRALEY, J. The plaintiff, when the defendant acquired title in fee from the lessor on June 15, 1921, was in occupation of a portion of the premises under an unacknowledged and unrecorded lease for a term of ten years from June 1, 1915. While it contained a covenant against leasing, underletting, or permitting any other person to occupy, or make or suffer any alterations therein unless the consent in writing of the lessor had been first obtained, which had been broken by the plaintiff, the finding, which is uncontested, that before the delivery of the deed, which contains no reference to the lease, the breach had been waived by the lessor, leaves for decision the question, whether the defendant, a purchaser for value, had actual notice of the lease at the time of the conveyance. *Toupin* v. *Peabody*, 162 Mass. 473, 477. *Winnisimmet Trust, Inc.* v. *Libby*, 232 Mass. 491, 492.

The judge found, that the defendant had actual knowledge, not only of the lease, but also as alleged in the bill that the plaintiff had sublet a portion of the leasehold to Warren and Company. The defendant, who, although present at the trial, did not testify nor introduce evidence, contends that the finding is plainly wrong and the decree should be reversed. *Skehill* v. *Abbott*, 184 Mass. 145. But an examination of the evidence, which has been fully reported, leaves no doubt of the correctness of the result. The lessor engaged a real estate broker to sell the property and furnished him with a copy of the plaintiff's lease which he gave to counsel acting for the defendant in the negotiations preliminary to the sale, as well as information of the subletting, and who also made for his client an examination of the title, and represented him in "passing papers." It was under these conditions that the negotiations were continued for about four or five months when

a written agreement was made with the defendant to purchase the property, followed by delivery of the deed about a month later. The knowledge of the defendant's counsel is under the circumstances the knowledge of the defendant, and, having bought with actual notice, the conclusion must be the same as if the instrument had been recorded in the registry of deeds before the reversion had been conveyed. *Ratshesky* v. *Piscopo*, 239 Mass. 180, and cases there cited. *Winnisimmet Trust, Inc.* v. *Libby, supra.* The decree should be affirmed with costs of the appeal.

*Ordered accordingly.*