JOHN R. MERCER AND J. F. PROCTOR ET AL. V. JOHN B. BULLOCK ET AL.

(Filed 17 February, 1926.)

**Landlord and Tenant—Leases—Rents—Mortgages—Purchaser at Foreclosure Sale.**

> The purchaser at a foreclosure sale of lands subject to a lease is entitled to all rents becoming due under the lease from and after the time of his purchase.

APPEAL by interveners from *Cranmer, J.,* at September Term, 1925, of EDGECOMBE.

Civil action by landlord to recover of his tenant rent for the year 1923. Purchasers at a mortgage sale intervened and set up title to the rent, and from judgment apportioning same between plaintiffs and interveners, the latter appeal, assigning errors.

*E. B. Grantham for plaintiff.*
*Battle & Winslow for interveners.*

STACY, C. J. During the year 1923, the defendant was a tenant on plaintiffs' farm, the rent for which amounted to $900 and became due and payable 1 November of that year. On 10 September, 1923, the farm in question was sold under mortgage, and the interveners, trustees of the estate of R. H. Ricks, became the purchasers at said sale, deed for same being delivered to them on 21 September, 1923, and duly registered seven days thereafter. Who is entitled to the rent which fell due 1 November, 1923, the plaintiffs or the interveners? This is the question for decision.

It is established by the decisions in this and other jurisdictions that, in the absence of a statute governing the matter, when mortgaged lands are in the possession of a tenant, and a foreclosure is had during the

term of the lease, nothing else appearing, the mortgagor is entitled to collect all the rent that is due at the time of sale, and the purchaser is entitled to collect all that subsequently falls due. *Page v. Lashley,* 15 Ind., 152. The title to the rent is dependent on that of the property, hence a sale of the demised premises passes title to the accruing rent and gives the purchaser the right to collect the rent falling due after the purchase. *Mixon v. Coffield,* 24 N. C., 301; *Lewis v. Wilkins,* 62 N. C., 307; *Kornegay v. Collier,* 65 N. C., 69; *Rogers v. McKenzie, ibid.,* 218; *Lancashire v. Mason,* 75 N. C., 459; *Holly v. Holly,* 94 N. C., 674; *University v. Borden,* 132 N. C., p. 486; *Dixon v. Nicolls,* 39 Ill., 372; *Chisholm v. Spullock,* 87 Ga., 665.

Sections 2345 and 2346 of the Consolidated Statutes, relating to the apportionment of rent where the lease or right to payment is terminated by death or other uncertain event, have no application to the facts of the instant case. *Spruill v. Arrington,* 109 N. C., 195.

Nor is the case of *Pate v. Gaitley,* 183 N. C., 262, at variance with our present position, for there the rent accruing after sale was the subject of specific agreement between the parties.

There was error in apportioning the rent between plaintiffs and interveners; no part of it had accrued at the time of the sale under foreclosure; it all fell due, under the jury's finding, after the interveners became the owners of the land; they are entitled to the rent falling due after their purchase. Upon the verdict and facts agreed, the interveners are entitled to judgment for the entire rent.