FIRST & CITIZENS NATIONAL BANK OF ELIZABETH CITY, N. C., v. MARGUERITE J. SAWYER AND J. C. SAWYER.

(Filed 18 September, 1940.)

**1. Execution § 20: Registration § 4b: Assignments § 8—**

The purchaser of a life estate in lands at an execution sale under a judgment against the life tenant acquires the estate free from a prior unrecorded assignment of rents made by the life tenant to the remainderman for money advanced to pay taxes, since even if it be conceded that the remainderman acquired a lien on the property by reason of the assignment, such lien cannot be asserted against a purchaser for value without notice of the assignment.

**2. Same: Laborers' and Materialmen's Liens § 9—**

The purchaser of a life estate in lands at an execution sale under a judgment against the life tenant acquires the estate free from a prior unrecorded assignment of rents made by the life tenant to the remainderman for money advanced for repairs when the assignee has not filed any lien or brought any action to enforce a materialman's lien within the statutory period, C. S., 2433, *et seq.*, since the purchaser for value has a right to rely upon the public records and the statutory notice required of the existence of liens.

**3. Registration § 1: Assignments § 8—**

While rents accrued are choses in action and an assignment thereof need not be recorded, rents accruing are incorporeal hereditaments which, if for a period of more than three years, must be registered to pass any property as against purchasers for valuable consideration. C. S., 3309.

APPEAL by defendants from *Frizzelle, J.,* at March Term, 1940, of PASQUOTANK.

*McMullan & McMullan for plaintiff, appellee.*
*R. Clarence Dozier for defendants, appellants.*

SCHENCK, J.   This is an action by a life tenant to be declared the owner of and entitled to receive the rents and profits arising from three houses and lots in Elizabeth City, and to have free and unrestricted use thereof until its ownership ceases.   The cause came on for hearing and it was agreed by all parties that the judge might find the facts and enter judgment thereon.   It was later agreed that there was evidence sufficient to sustain the facts found by the court.   Upon the facts so found the court entered judgment that the plaintiff have and recover of the defendants the rents and profits accruing from the land in controversy after 4 December, 1939, and that the defendants have no right, title or interest in and to the same.   From this judgment the defendants appealed, assigning as error that the facts found did not support the judgment entered.

The facts found by the court were substantially these: In 1931 R. M. Sawyer was the owner of a life estate in the lands in controversy; that thereafter in the Superior Court of Pasquotank County, the plaintiff recovered judgment against R. M. Sawyer and his wife, Rosa J. Sawyer, for $4,433.00 and interest, and a commissioner was appointed to sell the interests of the defendants in the lands in controversy to satisfy said judgment, which was done on 4 December, 1939, when the plaintiff became the purchaser of the life estate of R. M. Sawyer therein, and that the plaintiff has been the owner of such life estate since 4 December, 1939; "9. That the life tenant, R. M. Sawyer, had permitted the said three houses and lots to become run down to such extent as to become almost uninhabitable, and had also permitted county and city taxes and street assessments to accrue against the same for several years in the amount of $920.83, and in order to enable the said R. M. Sawyer to pay accrued taxes and make the proper repairs to said property, the said Marguerite J. Sawyer agreed to borrow money on her own real estate and advance the necessary amount to said R. M. Sawyer for the purposes aforesaid; and on the 1st day of June, 1936, the said R. M. Sawyer executed to said Marguerite J. Sawyer the assignment which is set out verbatim in paragraph 4 of the answer, *the same having never been admitted to recordation.*

"10. That in the early part of 1935, prior to the execution of the aforesaid assignment, there was an oral agreement between Marguerite J. Sawyer, R. M. Sawyer, M. B. Sawyer and J. C. Sawyer that the said

M. B. Sawyer would loan to the said Marguerite Sawyer money to be advanced by her to the said R. M. Sawyer for the payment of taxes and the making of repairs as aforesaid, it being agreed, further, that the said Marguerite J. Sawyer would borrow on her separate real estate to repay the money thus advanced by the said M. B. Sawyer and, further, that the rents accruing from said properties should be turned over to said M. B. Sawyer to be applied in payment of the moneys advanced by him for the purposes aforesaid, and, further, that J. C. Sawyer should take charge of the said properties, rent the same, collect the rent, pay the taxes, make necessary repairs, and pay the excess moneys coming into his hands from that source to said M. B. Sawyer until such time as he was fully reimbursed, and that J. C. Sawyer duly took charge of said properties under that agreement.

"11. That the said J. C. Sawyer, assisted by counsel, paid on the 28th day of February, 1935, City and County taxes on said properties in the amount of $920.83.

"12. That the said M. B. Sawyer advanced on said properties pursuant to said agreement and the said assignment the sum of $1,993.15, exclusive of the aforesaid amount advanced for the payment of taxes.

"13. In the fall of 1936, Marguerite J. Sawyer obtained a loan from the Federal Housing Authority in the sum of $3,800.00, a considerable portion of which was used by her in repaying M. B. Sawyer the moneys by him advanced as aforesaid, and after giving credit for the moneys applied out of the Federal Housing Authority loan, and the moneys paid to him by J. C. Sawyer from the rentals of said property, there is now due to the said M. B. Sawyer the sum of approximately $1,000.00.

"14. That there is now due Marguerite J. Sawyer for money advanced to R. M. Sawyer by her the sum of approximately $2,000.00.

"15. That the only money advanced for the purposes aforesaid by either the said Marguerite J. Sawyer or the said M. B. Sawyer prior to June 1, 1936, was the sum of $920.83 for taxes on 28th February, 1935.

"16. That Marguerite J. Sawyer owns the remainder, after the life estate, for the life of R. M. Sawyer, owned by the plaintiff in and to the properties in controversy."

The assignment set out in paragraph 4 of the answer is in words and figures as follows: "State of North Carolina, Pasquotank County, City of Elizabeth City. I, the undersigned, acknowledge myself indebted to Marguerite J. Sawyer for advances made me to pay taxes and make repairs and alterations on three houses and lots located in the City of Elizabeth City and described more fully below; and to pay the same, I hereby transfer and assign unto the said Marguerite J. Sawyer all the rents and income arising and accruing from this day on those certain three houses and lots in City of Elizabeth City located as follows: First,

house and lot situated on the east side of North Road Street and known as house No. 310; Second, house and lot situated on the North side of West Cypress Street and known as house No. 102; Third, house and lot situated on the East side of Greenleaf Street and known as house No. 704.

"And I, the undersigned, hereby authorize the said Marguerite J. Sawyer by herself or by her Agent to collect all said rents and income from said property from this day until this loan together with interest shall have been paid in full.

"As witness my hand and seal this the 1st day of June, 1936.

(Signed)   R.  M.  SAWYER   (Seal)

"Witness: G. R. LITTLE."

The question presented is: Did the failure to record the assignment from R. M. Sawyer, the life tenant, to Marguerite J. Sawyer, the remainderman, of the rents and income derived from the lands in controversy until the loan, made by her to pay taxes and make repairs and alterations, had been paid in full, render said assignment invalid as against the plaintiff, a subsequent purchaser of the life estate for value without notice of such assignment? We are of the opinion, and so hold, that the question was properly answered in the affirmative.

Even if it be conceded that Marguerite J. Sawyer, the remainderman, by advances made to pay taxes and the taking of an assignment of rents and income, acquired a lien against the life tenant, R. M. Sawyer, for such advances, it does not follow that this lien can be asserted against the plaintiff, a third party and purchaser for value and without notice of the assignment. The plaintiff, as a purchaser, had a right to rely upon the public records of the county. *Guaranty Co. v. McGougan,* 204 N. C., 13; *Callahan v. Flack,* 205 N. C., 105. There was nothing in the public records to indicate any memorial of the lien now attempted to be asserted against the plaintiff.

What has been said as to money advanced for the payment of taxes, applies with equal force to money advanced to pay for repairs, since it does not appear that Marguerite J. Sawyer has ever filed any lien or brought any action to enforce a lien within the statutory period. The plaintiff as a purchaser for value had a right to rely upon the statutes governing liens for materials furnished and labor performed, C. S., 2433, *et seq.,* and the public records.

It might be observed in passing that the defendants in their pleadings as well as in their brief admit that Marguerite J. Sawyer agreed to advance the money to R. M. Sawyer, the life tenant, with which to pay the taxes and for repairs in order to avoid insisting upon "a declaration that the life estate become forfeited," and waive any right to now have such a declaration made.

There is yet another reason why the validity of this assignment by the life tenant as against an innocent purchaser for value depends upon its registration. It will be observed that the assignment is of rents accruing, as distinguished from rents accrued. While rents accrued are choses in action, the assignment of which does not come within the purview of the statute requiring registration; rents accruing are incorporeal hereditaments, *Schmid v. Baum's Home of Flowers,* 162 Tenn., 439, 75 A. L. R., 261; *Winnisimmet Trust, Inc., v. Libby,* 232 Mass., 491, 122 N. E., 575, interests in lands, the assignment of which comes clearly within the provision of the statute, and is in truth a *quasi*-lease, and since for a period of more than three years is governed by C. S., 3309, and is required to be registered to pass any property as against purchasers for valuable consideration. That rents accruing are incorporeal hereditaments and are incident to and connected with an estate in land has been repeatedly held by this Court. *Kornegay v. Collier,* 65 N. C., 69; *Wilcoxon v. Donelly,* 90 N. C., 245; *Mercer v. Bullock,* 191 N. C., 216, and cases there cited.

The judgment of the Superior Court is
Affirmed.