B. W. JAMES AND WIFE, JOYCE E. JAMES; JOYCE E. JAMES, EXECUTRIX OF THE ESTATE OF B. W. JAMES; MABLE JAMES BECK AND HUSBAND, HAROLD BECK, PETITIONERS v. PAULINE W. JAMES; ANNETTE JAMES PILGREEN AND HUSBAND, JOE PILGREEN; R. E. JAMES, JR. AND WIFE, GRACE E. JAMES; AND PAULINE W. JAMES AND R. E. JAMES, JR., EXECUTRIX AND EXECUTOR OF THE ESTATE OF R. E. JAMES, DECEASED, RESPONDENTS, AND IRVIN JAMES, GLADYS K. JAMES, IRVIN E. JAMES AND BARBARA R. JAMES, INTERVENORS-RESPONDENTS

No. 813SC1109

(Filed 20 July 1982)

1. Tenants in Common § 3— distribution of rental proceeds—modification of consent order

The clerk of superior court and the trial court had authority to modify a consent order providing for the distribution of proceeds from the rental of land among tenants in common to reflect a change in the interests of the tenants after the order was entered but before the rent was tendered.

2. Executors and Administrators § 13— sale of realty under power in will—grounds for sale

Where a will gave the co-executors the authority to sell testator's property in their "absolute discretion" but further provided that the power of sale could be exercised by them "if in their judgment such a procedure will facilitate the settling of [the] estate," the co-executors could only sell land to facilitate the settling of the estate, and a sale by the co-executors for the reason that it would facilitate the settlement of a special proceeding for the partition of land was not a valid exercise of the power of sale.

APPEAL by petitioners from *Reid, Judge.* Order entered 12 June 1981 in Superior Court, PITT County. Heard in the Court of Appeals 28 May 1982.

This case began when petitioners on 31 July 1980 filed a special proceeding to partition two tracts of land devised to them

and respondents as tenants in common. Respondents answered that the Will of R. E. James, who died on 3 March 1979, gave his executors, Pauline W. James and R. E. James, Jr. (his widow and son), the authority in their discretion to sell the land; alleged that the land could not be partitioned without injury to the parties; and asked that the land be sold and the proceeds divided among the tenants in common according to their proportionate shares.

A consent order was entered into on 16 February 1981 appointing two commissioners for the purpose of leasing the two tracts of land for the year 1981. The commissioners were ordered to disburse the rental proceeds to the parties in their proportionate shares.

On 27 February 1981 intervenor-respondents received a deed which conveyed to them the estate's interest in the two tracts of land. The deed had been executed by the co-executors and the other respondents. Public rental of the two tracts was also conducted on 27 February 1981. On 6 March 1981 intervenor-respondents filed a motion to intervene to protect their claim to the rental proceeds, alleging that they had acquired all of the interest of the co-executors in the estate of R. E. James in the two tracts, and attaching a copy of a deed from the co-executors to them dated 23 February 1981. They also asked the court to modify the 16 February consent order in regard to disbursement of the rental proceeds in order to reflect their newly-acquired interest in the land. On 17 March 1981 the Clerk of Superior Court entered an order modifying the distribution of rental proceeds as provided for in the earlier consent order. The effect of this modification reduced each petitioner's share from an 11/48 interest in the James homeplace to a 2/16 interest and from a 1/6 interest in the Whitehurst farm to none at all. Petitioners objected and excepted to the findings, conclusions and order. The clerk's order was adopted by Judge Reid, who recommitted the proceeding to the clerk to appoint commissioners and enter orders to partition the James homeplace. Petitioners appealed. They also moved for a new trial, but Judge Reid deemed that he had no authority to either grant or deny the motion.

*Underwood & Leech by David A. Leech for petitioner appellants.*

*Everett & Cheatham by C. W. Everett, Sr. for respondent appellees; James, Hite, Cavendish & Blount by E. Cordell Avery for intervenor-respondent-appellees.*

CLARK, Judge.

[1] We reject the argument of the petitioners that the Clerk of the Superior Court and the trial court had no authority to modify the distributive provisions of the 16 February 1981 Consent Order. The distribution provisions were based on the interests owned by the heirs on that date. The rents were tendered on 27 February 1981 after the delivery of the deed dated 23 February 1981. It is established that accrued rents are incorporeal hereditaments and are incident to and connected with an estate in land. *Bank v. Sawyer*, 218 N.C. 142, 10 S.E. 2d 656 (1940); *Mercer v. Bullock*, 191 N.C. 216, 131 S.E. 580 (1926); *Wilcoxon v. Donelly*, 90 N.C. 245 (1884).

The Consent Order provides for disbursement of the rents to the parties "as their interests appear" and then lists the heirs and their interests as they appeared at that time. But the interests were changed by the 23 February 1981 deed, and the distribution provisions were properly modified by the Clerk of the Superior Court and the trial court to provide for distribution of the net rental proceeds in proportion to their ownership interests.

[2] However, there arises on appeal the question of whether the clerk and trial court erred in determining these ownership interests. The 17 March 1981 order of the clerk, approved and adopted by the trial court, held that the executors had the authority to exercise their power of sale conferred by Item Three of the Will of R. E. James. We find that the executors did not have such authority and that their private sale of the lands in their official capacity as executors to the intervenors by deed dated 23 February 1981 was invalid.

The Will of R. E. James reads, in pertinent part, as follows:

"ITEM TWO

I direct that all the rest and residue of my property, both real and personal, shall pass under and by virtue of the Intestate Succession Act, . . .

ITEM THREE

I make, constitute, and appoint my wife, Pauline W. James, and my son, Robert E. James, Jr., the Executors of this my Last Will and Testament and vest in them the full power and authority to sell in such manner as they in their sole and absolute discretion may determine to be proper any and all property described in the second item of my will and to convey good title to the purchaser or purchasers. This authority shall not be obligatory upon my executors but can be exercised by them if in their judgment such a procedure will facilitate the settling of my estate."

Subject to the power of sale of the Executors in Item Three, the title to the land vested at decedent's death pursuant to G.S. 28A-15-2(b) in his widow, Pauline W. James, his three children by his first marriage, and his one child from his second marriage. The respondent executors contend that Item Three gave them authority to sell the real property in their absolute discretion. The first sentence contains the words "their sole and absolute discretion." But the second sentence of Item Three cannot be ignored. It is established that in construing a will the intent of the testator is to be determined from the entire instrument so as to harmonize, if possible, inconsistent provisions. *Olive v. Biggs*, 276 N.C. 445, 173 S.E. 2d 301 (1970).

The power of the executors to sell the land in their "absolute discretion" as provided by the first sentence of Item Three is subject to and limited by the provision in the second sentence that the power of sale "can be exercised by them if in their judgment such a procedure will facilitate the settling of [the] estate." There is nothing in the record on appeal to indicate that the reason for the sale by the executors was to facilitate the settlement of the estate. The deed of 23 February 1981 to the intervenors from the executors recites that they are exercising their power of sale in their "absolute discretion," but there is no provision in the deed

that the executors had determined that the sale of the land was made to facilitate the settling of the estate.

The executors had the right under G.S. 28A-15-1(c) to sell the realty to obtain money for the payment of debts or other claims against the estate. The exercise of this right would "facilitate the settling of [the] estate" under the second sentence of Item Three, and there could be other valid reasons for facilitating the settlement of the estate by the sale of the land. But neither the original respondents nor the intervenor-respondents claim that the sale was made to facilitate settlement.

The petitioners filed their petition for partition under G.S. 46-1, which provides for a special proceeding over which the Clerk of Superior Court has jurisdiction, about 18 months after decedent's death. In doing so petitioners recognized the authority of the court to partition the land. The original respondents filed their answer in which they alleged the actual partition would be inequitable and sought a partition sale, and they further alleged that the executors had the power of sale in their absolute discretion. Under these circumstances the following issue was raised: whether the executors had the power under the will to sell the land in their absolute discretion and thus divest the jurisdiction of the Superior Court over the special proceeding for partition. This issue was not resolved by the court before the executors conveyed the land to intervenors by deed dated 23 February 1981. In doing so the executors did not determine, or move the court to determine, whether the sale would facilitate the settlement of the estate.

Since the title to the land vested in the heirs upon the death of R. E. James under G.S. 28A-15-2(b), it was not a part of the estate, and the title of the heirs to the land could not be involuntarily divested except by law [i.e., sale to create assets to pay debts under G.S. 28A-15-1(c)] or by the executors under the power of sale as provided by Item Three of the will. The land not being a part of the estate, a sale by the executors for the reason that it would facilitate the settlement of the special proceeding for partition was not a valid exercise of the power of sale under Item Three of the will.

The purported conveyance from the executors to the intervenor-respondents by the deed dated 23 February 1981 is in-

valid and did not divest the petitioners of their interests in the land as devised in Item Two of the will. This determination of invalidity relates only to the purported conveyance by the executors in their official capacity. The validity of the conveyance by the original respondents of their interests in the land as individuals is not an issue on appeal. The trial court erred in its order modifying the distribution of rental proceeds, and that part of the order is vacated and the cause remanded for proceedings consistent with this opinion.

Vacated and remanded.

Judges WEBB and WHICHARD concur.