**In re BOSTON REGIONAL MEDICAL CENTER, INC., Debtor.**

**Boston Regional Medical Center, Inc., Plaintiff,**

**v.**

**Greater Boston Academy, New England Memorial Seventh–Day Adventist Church, Southern New England Conference of Seventh–Day Adventists, John Doe One, and John Doe Two, Defendants.**

Bankruptcy No. 99–10860.
Adversary No. 99–1338.

United States Bankruptcy Court,
D. Massachusetts.

Oct. 22, 1999.

814

. Hugh Scott, for Defendants.

John Hanify, Boston, MA, for Debtor.

### MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

CAROL J. KENNER, Bankruptcy Judge.

The Plaintiff and Chapter 11 Debtor in this case, Boston Regional Medical Center, Inc., has since 1902 owned a forty-acre parcel of real property in Stoneham, Massachusetts. By its complaint in this adversary proceeding, the Debtor seeks (1) a declaratory judgment that the Defendants have no interest in the property and no legal entitlement to remain upon it or, if the Defendants do have an interest, that the Debtor may, by virtue of its powers and status under 11 U.S.C. § 544(a), avoid any such interest; (2) collection of amounts due for their use and occupancy of portions of the property, and (3) preliminary and permanent injunctions prohibiting them from entering upon or using the premises. The three principal defendants (collectively, "the Defendants") are the Greater Boston Academy ("the Academy"), a school that has operated on the property since 1965; the New England Memorial Seventh-day Adventist Church ("the Church"), an unincorporated association and house of worship that has operated on the property since 1952; and the Southern New England Conference of Seventh-day Adventists ("the Conference"), a not-for-profit corporation that established both the Church and the Academy and provided funds for construction of their buildings on the Debtor's property.[1] They ask that the Debtor's complaint be dismissed, and the Church and Academy have counterclaimed for declaratory relief in six counts, three

---

**1.** The Debtor identifies Defendants John Doe One and John Doe Two only as "persons or entities yet to be determined who currently use or occupy the premises without claim of right and against the rights of the Plaintiff."

as to each of them. The Church and the Academy seek declaratory judgments that they hold prescriptive easements to use portions of the Debtor's property for their respective purposes (Counts V and VI); that the Debtor holds their buildings in constructive trust for them (Counts II and IV); and that the Debtor holds their lands in constructive trust for them. Each counterclaim is also asserted as an affirmative defense. The adversary proceeding is before the Court on the Plaintiff's motion for summary judgment. For the reasons set forth below, the Court will deny the motion as to all counts.

### Prescriptive Easement Counts:

The Defendants' theory is that they have prescriptive easements because, before they built their respective facilities on the Debtor's property, the Debtor intended to and did give them easements in gross (i.e., an easement that does not belong to its owner by virtue of ownership of an estate in adjacent land), that these grants failed only for lack of proper formality (lack of a deed, resulting failure to satisfy the statute of frauds), and that, under claims of right (their respective easements), they then, for more than twenty years, openly and continuously occupied the property. The Debtor seeks summary judgment on the prescriptive easement counts on two grounds: (1) the Defendants' possession was not "adverse" but with permission and, at most, under a mere license; and (2) even if they have prescriptive easements, they did not rec-

ord their easements, such that the Debtor, by virtue of its status as a bona fide purchaser under 11 U.S.C. § 544(a)(3), is not subject to the easement.

■ The Court rejects the bona fide purchaser argument because it appears that, in Massachusetts, a bona fide purchaser takes subject to prescriptive easements. *Shaughnessey v. Leary*, 162 Mass. 108, 38 N.E. 197 (1894); *Winnisimmet Trust v. Libby*, 232 Mass. 491, 122 N.E. 575 (1919); *Attorney General v. Abbott*, 154 Mass. 323, 28 N.E. 346 (1891); see 25 AM. JUR. 2D *Easements and Licenses* § 97 n.13 (1964). The Court also finds there is a genuine issue of material fact on the issue of whether the Defendants' use was adverse. The requirement of adversity can be satisfied by use pursuant to the terms of an intended but imperfectly created easement. See RESTATEMENT OF PROPERTY (SERVITUDES), § 2.17 (Tentative Draft No. 3, 1993); RESTATEMENT (FIRST) OF PROPERTY, § 457 (1944); and the Utah, Idaho, and Washington cases cited by the Defendants. The Court has found no Massachusetts case directly on point, but this theory is well-established in American law and consistent with the theory of adversity articulated in Massachusetts cases, where the requirement of adversity is deemed satisfied by use under an apparent claim of right.[2] In this case, there appears to be a genuine issue of material fact as to whether the Debtor intended to give the Defendants easements (which are irrevocable)

---

2. See especially *Gower v. Town of Saugus*, 315 Mass. 677, 681, 54 N.E.2d 53 (1944) ("In order to acquire a public way by prescription it must appear, as in the case of a private way, that the use was adverse to the owner, that is, under an apparent claim of right."); *Ottavia v. Savarese*, 338 Mass. 330, 333–334, 155 N.E.2d 432 (1959) ("From the standpoint of the true owner, the purpose of the various requirements of adverse possession—that the nonpermissive use by another be actual, open, notorious, exclusive and adverse—is to put him on notice of the hostile activity of the possession so that he, the owner, may have an opportunity to take steps to vindicate his rights by legal action. Where a claim of right is made ... and is communicated or is open and notorious, the purpose of notice is satisfied, for it is likely that the encroachment and the fact of its hostility will come to the attention of the true owner."); *Brooks, Gill and Company, Inc. v. Landmark Properties, 217 Limited Partnership*, 23 Mass.App.Ct. 528, 531, 503 N.E.2d 983 (1987) (The rule in Massachusetts is that wherever there has been the use of an easement for twenty years unexplained, it will be presumed to be under claim of right and adverse, and will be sufficient to establish title by prescription and to authorize the presumption of a grant unless controlled or explained.).

and not mere licenses (which are revocable).

### Constructive Trust Counts

■ The Defendants argue that the Debtor holds their lands and buildings in constructive trust for their benefit because, by both constructive and (in the case of the Academy only) actual fraud, the Debtor induced them to build on the property and to forsake other options, and that their eviction from the buildings and property would unjustly enrich the Debtor.[3] The Debtor seeks summary judgment on these counts on three grounds: that the Defendants' have not alleged conduct amounting to fraud, that the Defendants cannot show unjust enrichment, and that, even if the property or buildings are deemed subject to constructive trusts, the Debtor, as a bona fide purchaser under § 544(a)(3), takes title free and clear of such trusts.

The Court will deny summary judgment on these counts. Neither the precise parameters of the constructive trust remedy in Massachusetts nor the Defendants' allegations as to the basis for its employment here is clear. And the parties' arguments regarding the applicability of § 544(a)(3) raise difficult issues of statutory construction and may require a better sense of the equities involved than is afforded by a motion for summary judgment. In these circumstances, the more prudent course is to deny summary judgment and rule on a full record.

### ORDER

For the reasons set forth above, the Plaintiff's Motion for Summary Judgment is hereby DENIED.

---

**3.** Actual fraud appears for the first time in the Defendants' response to the motion for summary judgment; it was not plead, much less with particularity.